This is an appeal from the Warren Municipal Court in Trumbull County, Ohio. Appellant, Larry E. King, appeals from his conviction and sentence for driving under the influence and driving under suspension. Appellee, the City of Warren, did not file a brief in this case.
On March 18, 1997, appellant was charged with driving under the influence, in violation of city of Warren Ordinance No. 333.01A(1), and driving under suspension, in violation of city of Warren Ordinance No. 335.07. At the initial appearance on March 19, 1997, appellant entered a plea of not guilty to both charges. The matter proceeded to a bench trial on May 12, 1998.
Officers Jeffrey Cole ("Cole") and Eric Merkel ("Merkel") testified for appellee. Cole stated that on March 18, 1997, while on routine patrol, a passer-by told him that a recklessly operated vehicle approached him. The passer-by gave Cole a description of the automobile and a license plate number, but was unable to describe the driver. Cole contacted the dispatcher concerning the nature of the complaint and also provided the vehicle's description.
Meanwhile, Merkel received the dispatch and located a vehicle at 423 Summit Street, which fit the dispatched information, and both officers met at the site. After feeling the hood of the automobile, which was still warm, both officers questioned Louise King ("Louise"), appellant's mother, who was in the driveway. According to their testimony, they told her that the automobile in her driveway matched the description of a vehicle being operated in a reckless manner and asked her permission to enter the home. After she gave her consent, they entered the home and heard a male voice yell, "Tell them I'm not here."
They located appellant, who appeared to be highly intoxicated. Following a series of questions, Merkel stated that appellant "wouldn't give [them] any answers and he was belligerent and intoxicated, wouldn't give [them] any information." Merkel also checked appellant's driver's license and discovered that he was allegedly driving under a financial responsibility suspension, in violation of R.C. 4509.45. Therefore, they placed him under arrest, took him to the Warren Police Department and administered a breathalyzer test, which revealed .190 percent alcohol in his blood.
During the bench trial on May 12, 1998, appellant cross-examined Cole, and asked him whether he, "at any time, observed [appellant] driving a vehicle?" Cole answered, "No, [he] did not." Appellant also questioned Merkel, asking whether he, "ever [saw appellant] drive the vehicle?" Merkel replied that "somebody saw him drive the vehicle." However, he did not personally observe appellant driving the vehicle.
Appellant testified in his behalf to the following: (1) he and his brother, Gary, had gone to a bar on March 18, 1997; (2) Gary drove appellant's vehicle home because he underwent two eye operations[1] and was unable to drive; and (3) on the way home, Gary made a wide turn and hit a stop sign. In addition to appellant's testimony, Louise testified that she witnessed Gary driving appellant's automobile upon their return home.
At the close of appellee's case-in-chief, appellant moved for a judgment of acquittal pursuant to Crim.R. 29. The trial court overruled appellant's motion.
On May 12, 1998, the trial court convicted appellant of driving under the influence, in violation of city of Warren Ordinance No. 333.01A(1), and driving under suspension, in violation of city of Warren Ordinance No. 335.07. On that same day, the trial court fined appellant $300 on each count, sentenced him to serve fifteen days in jail on each count, to be served concurrently, and suspended his driver's license for one year with prior suspension time to be applied.
On June 11, 1998, appellant timely filed this notice of appeal. Appellant now raises the following assignment of error:
 "The trial court erred in finding defendant guilty in that this finding is manifestly against the weight of the evidence."
Appellant's sole contention is that his conviction was against the manifest weight of the evidence. The core assertion of appellant's argument is that he cannot be found guilty for mere ownership of a vehicle operated recklessly because appellee presented no evidence that appellant was the driver of the vehicle.
Thus, appellant's argument under this assignment appears to be a hybrid one. However, as previously stated, he places significant emphasis on appellee's failure to provide evidence about the identification of the driver at the time of the reckless incident in question. This aspect of his position clearly attacks the sufficiency of the evidence, a central element of both charges involved here, which this court determines is his primary argument. In our view, the sufficiency issue is intertwined with another fundamental question not advanced in appellant's brief, which is that of probable cause.
In State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 11, we held:
 " '[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each elemelt of the offense.
 " 'In determining whether the verdict was against the manifest weight of the evidence, "* * * [t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *" ' (Citations omitted.) (Emphasis added.) State v. Davis (1988), 49 Ohio App.3d 109, 113."
Schlee also stated that:
 " 'Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while 'manifest weight' contests the believability of the evidence presented.
 " ' " * * * [T]he test [for sufficiency of the evidence] is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. * * *" ' Davis, 49 Ohio App.3d at 113." Id. at 10.
Again, in the instant matter, appellee presented Cole and Merkel's testimony indicating that a passer-by gave Cole a description and license plate number of a vehicle which was being operated recklessly. Cole and Merkel searched for the vehicle and located it in the driveway of Louise's home where they proceeded to touch the vehicle's hood and realized that it was still warm. They then entered the residence and discovered the very intoxicated appellant.
As a general rule, an officer may not make a warrantless arrest for a misdemeanor unless the offense is committed in the officer's presence. R.C. 2935.03; see, also, State v. Lewis
(1893), 50 Ohio St. 179, 185. In Oregon v. Szakovits (1972),32 Ohio St.2d 271, the supreme court recognized "an exception" to this rule where the officer has probable cause to believe that the suspect was operating a motor vehicle while under the influence of alcohol under the types of circumstances set forth in that case. We would also note that in the Oregon companion cases, both the appellants admitted they were driving. The Supreme Court of Ohio established three guidelines for evaluating DUI arrests when a police officer has not observed the accused driving. First, " 'each "drunken driving" case is to be decided on its own particular and peculiar facts.' " Id.
at 273 quoting Mentor v. Giordano (1967), 9 Ohio St.2d 140,146; see, also, Xenia v. Manker (1984), 18 Ohio App.3d 9. Second, " '[c]hronology is an important element in "drunken driving" cases. A relationship must be established between the time there was evidence to show the influence of intoxicants and the time of operating a vehicle.' " Id. Third, " '[a]lthough a charge of operating a motor vehicle while under the influence of intoxicating liquor may apply where a stationary vehicle is involved, the evidence must show beyond a reasonable doubt that the accused was under the influence of intoxicating liquor while operating the vehicle * * *.' " Id.
This court has found that "merely appearing to be too drunk to drive is not, in our opinion, enough to constitute probable cause for arrest." State v. Finch (1985), 24 Ohio App.3d 38,40.
As Oregon instructs, we have examined the particular facts of this case, and conclude that the officers did not have probable cause to arrest appellant for DUI. The officers did not establish that appellant operated the vehicle while intoxicated or that he operated the vehicle at all. Since the officers did not actually observe appellant driving, probable cause to arrest him must be based upon all the facts and circumstances within the officers' knowledge to cause a prudent person to believe that appellant had committed the offense. Absent this, the officer may not effectuate a valid arrest.
In the present case, the officers did not observe appellant operating the vehicle. Hence, this case focuses on whether the officer, based upon all the facts and circumstances, had probable cause to believe that appellant committed the offense. The only evidence the officers had was the statement by a passer-by, whose name is not of record, that a recklessly operated vehicle approached him. The individual was unable to identify appellant as the driver of the vehicle. Therefore, the officers did not have probable cause to believe that appellant had committed the offense, or to satisfy this element from the underlying circumstances.
In Finch, 24 Ohio App.3d at 40, the court stated that when an officer does not witness the defendant driving in an unsafe manner, does not observe impaired motor coordination, and does not instruct the defendant to perform field sobriety tests, the officer does not have probable cause to arrest the driver for a violation of R.C. 4511.19. Therefore, the mere appearance of drunkenness is not sufficient to constitute probable cause for arrest for driving under the influence. Id.
In the case sub judice, Cole and Merkel did not observe appellant driving in an erratic or unsafe manner and did not witness impaired motor coordination. Further, there has been no "trustworthy hearsay" exception as a basis for a misdemeanor arrest when the offense is not committed in the presence of the arresting officer. Nor do the facts in the case sub judice
bring it within the gamut of State v. Henderson (1990), 51 Ohio St.3d 54. In Henderson, information as to the actual driver of the defendant's vehicle, the defendant's present condition at the time, and other pertinent facts, which were personally observed by one officer investigating a driver under the influence scenario, was supplied to another officer who arrived at a later point of time in the common investigation. It was held that such information could be used by the second officer as probable cause for a warrantless DUI arrest. Id. at 57.
Unlike the facts in Oregon and other cases which have supported probable cause for such warrantless arrests, the facts in the instant case do not support a finding of probable cause. The officers never viewed the scene of the incident and did not find the appellant at or near the car, but in his mother's home. Absent from both officer's testimony was any evidence of damage to appellant's vehicle when they arrived at his place of residence. Additionally, the officers did not make any inquiries regarding the time of appellant's arrival at the house, the time of his drinking, the location of his drinking, or the quantity of drinks that he consumed. Thus, there is a lack of a nexus regarding the relationship of events between the time appellant allegedly operated the vehicle and when appellant was found in a state of intoxication.
Cole and Merkel had no way of knowing when appellant became intoxicated. For all they knew, appellant could have had a few drinks while he was at home. Moreover, Merkel made the arrest based on appellant's loud talking, odor of alcoholic beverage and hearsay statements which were directed to Cole. UnderFinch and Henderson, these facts are not sufficient to constitute probable cause for arrest for driving under the influence nor to establish this element of the charge. Accordingly, as Oregon instructs, we have examined the particular facts of this case, and conclude that the officers did not have probable cause to arrest appellant for DUI.
Furthermore, as noted above, Oregon requires the evidence to show beyond a reasonable doubt that the accused operated a vehicle while intoxicated. Rousting appellant from a private residence to discuss his parked vehicle and then arresting him for DUI because he appeared intoxicated does not satisfy theOregon "beyond a reasonable doubt" standard. Because we find that the officers did not have probable cause to arrest appellant for DUI, and since there was no direct evidence and insufficient circumstantial evidence concerning the identity of the driver of the vehicle in question, appellant's assignment of error is with merit.
Accordingly, the judgment of the Warren Municipal Court is reversed, and judgment is entered for appellant.
 ------------------------------ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., NADER, J., concur.
[1] During the trial, the prosecutor asked appellant about the date of his eye operations. He recalled that one surgery occurred on June 6, 1997, and the other one was two or three months later. The court also questioned appellant concerning the date of his surgery, to which he replied that "[he] believe[s] the third or the sixth [of June] was the first operation on the one eye and then the second eye, [he] believes, was four months later."