VILLAGE OF SHEFFIELD, APPELLEE, *v.* NIEVES, APPELLANT.

(No. 2407—Decided June 9, 1976.)

*Mr. Robert J. Corts,* for appellee.
*Mr. Ronald H. Gordon,* for appellant.

VICTOR, P. J. William Nieves, defendant, appeals from an order finding him guilty of assault and battery, a violation of Ordinance 533.01 of the Village of Sheffield.

Prior to trial, defendant filed a motion to dismiss on the ground that the ordinance was in conflict with R. C. 2903.13 and, therefore, unconstitutional. The trial court overruled this motion on August 1, 1975, and a bench trial was held on August 12, 1975. Final arguments were submitted by briefs after the hearing and the last brief was filed September 3, 1975. On February 4, 1976, the trial court found the defendant guilty and imposed sentence on February 11, 1976.

Thereafter, defendant filed a motion to dismiss for the trial court's failure to comply with R. C. 2938.11(F). This motion was also overruled. Defendant appeals the trial court's order of February 11, 1976.

Defendant maintains that the lower court erred in the following particular:

"In failing to dismiss the case, after the court failed

to reach a decision for a period of six to eight months, after submission of the evidence."*

The assignment of error is well taken. R. C. 2938.11 (F) provides:

"Any verdict arrived at by the jury, or finding determined by judge or magistrate in trial to the court shall be announced and received only in open court as soon as it is determined. Any finding by judge or magistrate shall be announced in open court not more than forty-eight hours after submission of the case to him."

This statutory provision has been held to be directory only. See, *State, ex rel. Turrin,* v. *County Court* (1966), 5 Ohio St. 2d 194. Nevertheless, the purpose of the statute is to provide for the prompt disposition of criminal cases where there is a bench trial. The concept of a speedy trial encompasses within its ambit not only the prompt commencement of the trial, but likewise its prompt disposition once commenced. We hold that a defendant who has rested his case and placed his fate in the hands of the trial judge is entitled to a judgment within a reasonable time thereafter and where that judgment, when it is one of guilt, is not forthcoming until approximately seven months thereafter, he (defendant) has been denied the due process of the law.

Accordingly, we reverse the judgment and order the defendant discharged.

*Judgment reversed.*

MAHONEY and HUNSICKER, JJ., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

---

*Three additional errors were assigned but are not of sufficient import to merit publication.