THE STATE OF OHIO *v.* HATCHER.

(No. 81-TR-D-7080—Decided May 25, 1982.)

County Court of Montgomery County.

*Mr. Charles F. Geidner,* for plaintiff.
*Mr. John H. Rion,* for defendant.

FROELICH, J. On November 15, 1981, the defendant received a traffic citation for allegedly violating R.C. 4507.38 (driving under suspension). On November 19, 1981, the defendant, through his attorney, entered a written plea of not guilty and "[waived] his statutory rights to have his case tried within the specified time period." Pretrial conferences were held between the defense attorney and the prosecutor on December 2, and December 16, 1981, and the matter was set for trial on January 13, 1982. On January 11, 1982, the trial was continued on motion of the defendant, and was subsequently reset for January 27, 1982.

On January 27, 1982, the defendant, his attorney, and the prosecutor appeared in open court and submitted the case to the court for a decision pursuant to certain stipulated facts. On March 1, 1982, this court filed a decision, order and entry finding the defendant guilty of violating R.C. 4507.38 and, further, setting sentencing on March 15, 1982. On March 8, 1982 the defendant, through his attorney, filed a pleading in this court captioned "Motion to Dismiss" moving this court for an order dismissing the case against the defendant because the court allegedly violated R.C. 2938.11(F). It is this rather Byzantine trail that leads the court to its decision today.

The defendant's motion states, obviously by way of hyperbole, that seven hundred ninety-two hours elapsed between the submission of the case to the court and the filing of a written decision. It further contends that since sentencing was not set until approximately fifteen days later, by that time, one thousand one hundred fifty-two hours would have elapsed between the submission of the case and the announcement in open court. All this, the defendant contends, is in violation of R.C. 2938.11(F) which provides, in relevant part, that "* * * [a]ny finding by judge or magistrate shall be announced in open court not more than forty-eight hours after submission of the case to him."

In what can only be described (for

reasons that are detailed below) as an almost existential leap of faith and logic, the defendant then concludes that "therefore, the above captioned cause should be dismissed."

First, the court is not at all sure that the "Motion to Dismiss" is properly before this court. On March 1, 1982, the court filed a "Decision Order and Entry." It would appear at first blush that any subsequent pleadings by the defendant must be either by way of motion for reconsideration (which also does not exist in the Ohio Rules of Criminal Procedure, but is more likely a motion directed to the inherent discretion of the court) or by notice of appeal to the Second District Court of Appeals. However, in order finally to resolve this question involving R.C. 2938.11, the court will treat this motion as one alleging that this court did not have jurisdiction to render its decision on March 1, 1982. This motion would thus be, *arguendo*, timely either pursuant to Civ. R. 12(B)(2) or Crim R. 34.

The only case cited by the defendant is *State* v. *Pachay* (1980), 64 Ohio St. 2d 218 [18 O.O.3d 427], which the defendant contends held that statutory time provisions shall be "strictly enforced." This court finds that *Pachay* did not rule generally on the constitutionality of the speedy trial statutes, but rather simply elected to enforce them at that time in that particular case. The court held with the facts before it that the statutes represented a rational effort to enforce the constitutional guarantee of a speedy trial.

There are several distinctions between *Pachay* and the case *sub judice*. First, the statutes in question in *Pachay* (R.C. 2945.71 *et seq.*) relate to the time in which a matter must be brought to trial or hearing. They do not, by their precise wording, impact at all upon the time in which a decision must be rendered after that trial or hearing. Secondly, even if the statutes were to affect the speed of a decision, these "statutory rights" were

specifically waived by the defendant at the time of his initial plea. The third distinction is that since *Pachay* found the statutes to be an effort to enforce the constitutional guarantee of a speedy trial, this court would have to find that a "speedy decision" is encompassed in that right.

This court has been unable to locate any cases which have held that a "speedy decision" is encompassed in the constitutional guarantee of a right to a "speedy trial." In fact, *Campodonico* v. *United States* (C.A. 9, 1955), 222 F.2d 310, stated, at 316, that:

"We know of no Constitutional, statutory or judicial pronouncement that forbids a busy court from taking ample time to ponder involved and troublesome questions of law and of fact before handing down a decision. Speedy justice does not mean hasty justice."

The only case which seems to favor the defendant's position is *Sheffield* v. *Nieves* (1976), 52 Ohio App. 2d 187 [6 O.O. 3d 173]. That court, while reaffirming that the statute in question is directory only, went on to say that "[t]he concept of a speedy trial encompasses within its ambit not only the prompt commencement of the trial, but likewise its prompt disposition once commenced." *Id.* at 188. The court ruled that the defendant was entitled to a judgment within a reasonable amount of time after submission of the case and, given the facts of the case before the *Sheffield* court, held that a seven-month delay denied the defendant due process.

The policies behind the requirement of a speedy decision closely parallel those supporting the speedy trial guarantee. As stated in the United States Supreme Court's most recent decision concerning "speedy trial," *United States* v. *MacDonald* (1982), 71 L.Ed.2d 696, 704:

"The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to the trial, to reduce the lesser, but nevertheless

substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges."

The defendant herein was released on his own recognizance without restrictions and thus any impairment of his movements was minimal. However, once an individual is publicly charged with a criminal offense, he should not be forced to await his fate beneath a Damoclean sword any longer than is necessary to ensure a fair and just adjudication of his guilt or lack of guilt.

But as with the constitutional guarantee of a speedy trial, the question of how much time is "necessary" is not simply answered. The same factors, *e.g.,* whether there was prejudice and the reasons for the delay, must be weighed. The fact that the legislature of this state or a Bar advisory committee or a governmental commission has suggested a certain time period (without even proposing a remedy for its "violation") is not controlling on a court. There are absolutely no facts or circumstances before this court in this particular case that could justify a finding that a delay of approximately one month from submission of the case to a filed decision denied the defendant the due process of law as required by both the Ohio and the United States Constitutions.

Similarly, *State, ex rel. Turrin,* v. *County Court* (1966), 5 Ohio St. 2d 194 [34 O.O.2d 351], held that such statutes as R.C. 2938.11(F) are intended to effectuate or expedite the defendant's rights, but that the statute is directory and not mandatory. In *Kyes* v. *Penn. Rd. Co.* (1952), 158 Ohio St. 362 [49 O.O. 239], the court had to rule on whether or not the trial court lost jurisdiction of a case by a delay of four years and three months in ruling on a motion for a new trial when the relevant provision of the general code at that time required that a motion for a new trial shall be determined and adjudicated within thirty days after such submission. Again, the court held that the statute was directory merely and did not have the effect of depriving the court of jurisdiction. The court then went on to affirm the judgment of the trial court.

Another interesting case because of its reasoning is *State* v. *Shaker* (1980), 68 Ohio App. 2d 135 [22 O.O.3d 165], which found that the failure of the prosecutor to give an opening statement (as apparently required by R.C. 2945.10[A]) is not grounds for a directed verdict. The court held that an opening statement, despite the mandatory language of R.C. 2945.10(A), is discretionary and that all statutes relating to criminal law and criminal procedure must be construed pursuant to R.C. 2901.04(B) so "as to effect the fair, impartial, speedy, and sure administration of justice." This section, R.C. 2901.04(B), emphasizes the fair, impartial and sure administration of justice as well as the speedy administration of justice. The court is reminded of the legal maxim *festinatio justitiae est noverca infortunii* (that roughly translates "the hastening of justice is the stepmother of misfortune" for the non-Latin scholars among the readers of this decision). "Haste" by its very definition constitutes precipitous and rash action. On the other hand, the laws of this state and country contemplate fair, scrupulous, deserved, and equitable treatment.

The court is not unmindful of the "Catch 22" in which it finds itself having taken from March 8, 1982, until the date of this decision to file its entry. The court hopes that the perspicacity of this decision reflects the thought and research (not to mention the retyping) that preceded it. Further, the defendant has neither alleged nor shown prejudice by this lapse of time; rather, he has probably been aided given the nature of the offense for which he was convicted and the fact that the passage of time may have enabled him to establish a satisfactory driving and insurance record let alone allowed

the *"mala prohibitum* seriousness" of the offense to be lessened by the scores of more threatening offenses with which the court has dealt in the interim.

In summary, the court, while finding *Pachay* not on point, does not rule on the question of whether "speedy sentencing" is encompassed in the state "speedy trial" statutes since the defendant specifically waived the application of such provisions even if they were applicable, further, the court finds, as a matter of law, that even with such a waiver at the time of the initial plea, an unreasonable, unnecessary and prejudicial delay from the time of submission of a case to a decision may deprive the defendant of the fair and speedy judicial process to which all citizens are due and thus deny the defendant due process of law as required by the Ohio and United States Constitutions and

require a dismissal of the case which has been submitted and "taken under advisement," but, further, finds no such unreasonable, unnecessary and prejudicial delay in this case; further, the court finds that R.C. 2938.11(F) and other similar sections are merely directory guidelines suggested by a separate branch of government as an ideal format or roadmap for judicial proceedings, all other factors being equal (which they never are), but "violation" of which is not even to be considered in the calculus of determining whether the defendant's due process rights were violated.

Time is often needed for research, contemplation, reflection, deliberation and cerebration. There can be an abuse of such time, or as it has been said, *"omnium rerum quarum usus est, potest esse abusus, virtute solo excepta."* There was no abuse or denial of due process and therefore the defendant's motion to dismiss is overruled.

*Motion to dismiss overruled.*