CITY OF XENIA, APPELLEE, *v.* MANKER, APPELLANT.

(No. 83-CA-87—Decided June 6, 1984.)

*Mark J. Donatelli,* for appellee.
*Jerome G. Menz,* for appellant.

WEBER, J. On or about March 30, 1983, defendant-appellant, Jerry W. Manker, was arrested and charged with violating city of Xenia Ordinances 331.01(A)(1), driving a motor vehicle while under the influence; 331.39(A)(5), failure to stop at railroad grade crossing; 338.08, driving a motor vehicle without being in reasonable control of said vehicle; and 335.12, leaving the scene of an accident. Following arraignment, appellant filed a motion to dismiss or, in the alternative, a motion to suppress the charges. This motion was overruled and on June 21, 1983, the evidence was heard by the trial court. Post-trial briefs were submitted and on October 4, 1983, in a decision and judgment entry, the trial court found appellant guilty of each charge. It is from this judgment that appellant has appealed raising the following issues for review:

"The Judgment of the Trial Court, finding appellant guilty of violating City of Xenia Ordinances 331.01(A)(1), 331.39(A)(5), 338.08 and 335.12, is error when:

"I. The defendant is charged, under ordinance, with operating a motor vehicle while under the influence of alcohol, failure to stop at a railroad grade crossing, failure to have reasonable control of a motor vehicle and leaving the scene of an accident, where the operation of the vehicle was not viewed by the arresting officer and, the defendant did not admit he was the driver of the motor vehicle, then a finding of guilt upon circumstantial evidence is error.

"II. A defendant is specifically charged with operating a motor vehicle while under the influence of alcohol, it is incumbent on the prosecution to establish all essential elements of that charge beyond a reasonable doubt, and the circumstantial evidence upon which a finding of guilt was made did not reach that high degree of probative force and certainty whereby reasonable minds could reach different conclusions as to the guilt of the accused beyond a reasonable doubt of the precise offense charged.

"III. The arresting officer does not see the defendant driving the motor vehicle and the defendant has not admitted to driving the motor vehicle, even though the arresting officer concludes the defendant is under the influence of alcohol, it is necessary that the arresting officer file a complaint and obtain an arrest warrant before the defendant may be lawfully arrested.

"IV. The authority granted in R.C. 2935.03 to a police officer to 'arrest and detain a person found violating a law of this state' does not confer authority upon a municipal police officer to arrest either within or outside the boundaries of the municipal corporation without a warrant and convictions of the offenses charged without a complaint and warrant are void.

"V. The arresting officer does not testify as to any personal knowledge of the defendant's condition at the time the officer believed the vehicle to have been driven and where the officer's first observation of the defendant was in excess of one hour from the time of the alleged offenses, a sufficient relationship between evidence of intoxication and time of operating a motor vehicle has not been established to allow an exception to the view requirement or the requirement that the defendant admit operation.

"VI. A warrantless misdemeanor arrest, illegal under R.C. 2935.03 because the officer did not see the offense committed, renders the demand to take the chemical test illegal and an order of suspension by the Bureau of Motor Vehicles upon a refusal to submit to a chemical test is void.

"VII. R.C. 4511.19(B) requires that the specimen subject of the test must be withdrawn within two hours of the alleged violation and the prosecution must affirmatively establish that the request

to take a chemical test and the refusal to take a chemical test both occurred within two hours of the alleged violation and without such evidence the BMV order of suspension is illegal.

"VIII. Where a judgment of guilty in a criminal action tried without a jury is not announced until October 4, 1983, where the case was submitted to the court on the evidence on June 21, 1983, and the case was finally submitted on July 8, 1983 on post-trial memorandums of law, the defendant has been denied his right to a speedy disposition of his case."

During trial, the following facts were established. At approximately 9:00 p.m. on the evening of March 29, 1983, appellant entered the Grapevine Lounge which is located in the city of Xenia, Greene County. While there, appellant consumed roughly three beers. Prior to his arrival at the Grapevine, appellant had consumed six to seven beers while at a bowling alley. At approximately midnight, appellant left the Grapevine, apparently alone.

At 12:26 a.m., Xenia Police Officer Steve Helling was dispatched to the scene of an accident at the Conrail Railroad Crossing on West Market Street, Xenia. Upon arrival at the scene, Officer Helling observed a green 1978 Ford Thunderbird, heavily damaged, sitting off the roadway on the north side of the street. A freight train, also damaged, was stopped at the crossing. No occupants of the car were found, but a registration check established the vehicle was owned by appellant.

On investigation, Officer Helling learned that the accident in question occurred at approximately 12:14 a.m. that morning. In addition, it was discovered that the appellant was at a residence in Amlin Heights, just outside the city of Xenia. At 1:25 a.m. Officer Helling arrived at the Amlin Heights residence and proceeded to interview appellant. Appellant admitted he remembered being in his car at the railroad crossing; however, he did not know how the car got there or who had been driving. Appellant had a wound to the upper left side of his forehead and a slight leg injury. In addition, Officer Helling detected an odor of alcoholic beverage about his person.

At that point, Officer Helling testified he requested appellant accompany him down to the police station in order to continue the investigation. Appellant agreed and he proceeded to the Xenia Police Station accompanied by Officer Helling.

Upon arrival at the police station, Officer Helling, along with Sergeant Hughes, again questioned appellant about the accident in question. Appellant admitted he was in the car, but denied that he was driving the vehicle. At that point, the decision was made to charge appellant with driving under the influence of alcohol and a request was made that he submit to a chemical intoxilyzer test. Appellant refused to take the chemical test.

At approximately 2:05 a.m., appellant was placed under arrest and charged with four misdemeanor traffic violations. Thereafter, appellant was taken to the Greene Memorial Hospital emergency room for treatment of his head wound.

On appeal, appellant submits that insufficient evidence was presented to support the trial court's finding that appellant was guilty of violating all four misdemeanor traffic violations. Specifically, appellant contends that the arresting officer did not observe appellant operating the motor vehicle in question nor did appellant admit he was driving the vehicle at the time the accident in issue occurred. As a result, appellant contends the arresting officer was required to obtain an arrest warrant, which he did not do, before he could lawfully place appellant under arrest. In addition, because the request for ap-

pellant to take a chemical intoxilyzer test was based upon a warrantless misdemeanor arrest, appellant submits the subsequent order of suspension by the Bureau of Motor Vehicles for failure to take an intoxilyzer test is unlawful and therefore void.

In Ohio, by judicial decision, courts have held that under certain circumstances, a warrantless arrest for operating a motor vehicle while under the influence of alcohol may be made even though the officer has not viewed the commission of the offense. See *Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271 [61 O.O.2d 496]; *State* v. *Risner* (1977), 55 Ohio App. 2d 77 [9 O.O.3d 230]; *State* v. *Adkins* (July 19, 1977), Hancock County App. No. 5-77-7, unreported. This rule is an exception to the view requirement of R.C. 2935.03.

In *Oregon, supra,* several guidelines were established for a decision on the validity of a warrantless arrest for operating a motor vehicle while under the influence of alcohol if the operation of the vehicle is not actually viewed by the arresting officer. First, " '[c]hronology is an important element in "drunken driving" cases. A relationship must be established between the time there was evidence to show the influence of intoxicants and the time of operating [the] vehicle.' " Second, " '[g]enerally, each "drunken driving" case is to be decided on its own particular and peculiar facts.' " Third, " '[a]lthough a charge of operating a motor vehicle while under the influence of intoxicating liquor may apply where a stationary vehicle is involved, the evidence must show beyond a reasonable doubt that the accused was under the influence of intoxicating liquor while operating the vehicle in that condition.' " *Id.* at 273, citing *Mentor* v. *Giordano* (1967), 9 Ohio St. 2d 140, 146 [38 O.O.2d 366], and paragraph three of the syllabus.

In the present case, the facts reveal that Officer Helling discovered appellant's damaged automobile sitting at the scene of the accident at approximately 12:26 a.m. on the morning of March 30, 1983. The automobile was extensively damaged including a shattering of the upper left corner of the windshield. Upon investigation it was discovered that appellant had been seen leaving the Grapevine Lounge, alone, at midnight or shortly thereafter and that the accident occurred at approximately 12:14 a.m.

At 1:25 a.m., appellant was found at a friend's residence in Amlin Heights, just outside the city of Xenia. He had a visible wound to his upper left forehead and a slight leg injury. Appellant told Officer Helling that he had been at the Grapevine Lounge earlier that evening and that he was involved in the accident in issue although he could not remember who was driving his automobile. Officer Helling detected an odor of alcoholic beverage about appellant's person and noticed he was somewhat unsteady upon his feet. At this point, appellant agreed to accompany Officer Helling to the Xenia Police Department.

At the Xenia Police Department, appellant gave a statement that he was involved in the accident in issue although he stated he was not driving. He also admitted to consuming nine to ten beers over the course of the evening. At sometime between 1:30 a.m. and 2:00 a.m., appellant was asked to submit to a breathalyzer test which he refused. At 2:05 a.m. appellant was placed under arrest.

Under the facts in this case, the trial court determined that Officer Helling had a reasonable basis to believe that appellant was operating his vehicle under the influence of alcohol at the time the accident in issue occurred. Appellant was seen consuming beer at the Grapevine Lounge earlier that evening and leaving the lounge, alone, a few minutes before the accident in issue occurred. In addition, appellant admitted to police

that he had consumed nine to ten beers over the course of the evening. The damage to the left-hand corner of the windshield and the abrasion on the left upper forehead of appellant is consistent with the conclusion that appellant was driving his automobile at the time the accident occurred. Three officers testified that appellant was under the influence of alcohol when he arrived at the Xenia Police Department. We also note that appellant presented no evidence at the trial. Therefore, the state's evidence and testimony were uncontroverted.

Based upon the record in this case, it is our determination that sufficient evidence was presented to support the trial court's findings. The state presented sufficient testimony which, if believed, established a relationship between appellant's consumption of intoxicants and subsequent operation of his automobile which resulted in the accident in issue. In addition, there was sufficient, uncontroverted evidence before the trial court from which it could conclude, beyond a reasonable doubt, that appellant was under the influence of alcohol at the time the accident in issue occurred.

Appellant's refusal to take an intoxilyzer test upon his arrest leads us to conclude the order of suspension by the Bureau of Motor Vehicles was also proper and in accordance with the law. Sufficient evidence was before the trial court to support its conclusion that Officer Helling had "reasonable grounds to believe a person to have been driving a motor vehicle upon the public highways in this state while under the influence of alcohol" as required before granting an order of suspension pursuant to R.C. 4511.191. Also, uncontroverted testimony was presented that the accident in issue took place at 12:14 a.m. and that appellant refused upon request to submit to a breathalyzer test sometime between 1:30 and 2:00 a.m. that same morning. Therefore, the two-hour time

limit required under R.C. 4511.19(B) was met.

Based upon the foregoing, appellant's assignments of error numbers I-VII are hereby overruled.

We also note that the appellant has raised as error the trial court's alleged violation of his right to a speedy disposition of his case. Appellant submits the lapse of time from the submission of his case for decision, July 8, 1983, and October 4, 1983, when the decision and final judgment were entered, violated his right to a speedy disposition of his case. Appellant relies upon R.C. 2938.11(F) which provides, in relevant part:

"* * * Any finding by judge or magistrate shall be announced in open court not more than forty-eight hours after submission of the case to him."

R.C. 2938.11(F) is intended to effectuate or expediate a defendant's rights. It is a directory guideline suggested by the legislature as an ideal format or roadmap for judicial proceedings. It is not mandatory in nature, but merely directory. See *State, ex rel. Turrin,* v. *County Court* (1966), 5 Ohio St. 2d 194, 196 [34 O.O.2d 350]; *State* v. *Hatcher* (1982), 2 Ohio Misc. 2d 8, 10.

The facts in this case reveal that on June 21, 1983, this case was tried before the Xenia Municipal Court. At that time, the court informed counsel that it planned to take the matter under advisement and asked both counsel if they wished to submit post-trial briefs. Both counsel stated that they would like to file post-trial briefs and both briefs were submitted by July 7, 1983. On or about August 31, 1983, appellant filed a motion to consolidate case Nos. 83-TRC-1296-1299 (the four misdemeanor traffic violations) with case No. X83 CV 293 (the order of suspension by the Bureau of Motor Vehicles for failure to submit to an intoxilyzer test). This motion was granted. Also on August 31, 1983, appellant filed a motion to dismiss, such

14

motion being overruled. On October 4, 1983, the trial court's decision and judgment were finalized.

A defendant who has rested his case and placed his fate in the hands of a trial judge is entitled to a judgment within a reasonable time thereafter under the circumstances. See *Sheffield* v. *Nieves* (1976), 52 Ohio App. 2d 187 [6 O.O.3d 173]. In this case, we find that numerous legal issues were presented by appellant to the court below. In addition, we note that four separate charges were pending against appellant along with the order of suspension consolidated with this case on August 31, 1983. We cannot conclude, under the circumstances of this case, that appellant was denied due process of the law.

Assignment of Error No. VIII is hereby overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KERNS and WILSON, JJ., concur.