OPINION
This timely appeal arises from a trial court judgment finding Appellant, Ray G. Rice, guilty of driving while intoxicated in violation of New Middletown Ordinance 333.01 (A) (3). For the reasons stated herein, this Court affirms the decision of the trial court.
The record reflects that on December 27, 1994, Patrolman Vincent D'Egidio of the New Middletown, Ohio, Police Department observed appellant turn south-bound onto State Route 170, nearly colliding with a vehicle traveling north-bound on State Route 170. The officer followed Appellant south-bound on State Route 170 and observed him cross the center-line six (6) times. Appellant, failing to respond to the officer's emergency lights, proceeded to his residence at 111247 Youngstown-Pittsburgh Road, New Middletown, Ohio where he parked his vehicle in the garage. Appellant exited his vehicle, approached the officer and immediately asked whether Patrolman D'Egidio had a search warrant since he was on his own property. When the officer requested Appellant's driver's license he detected a strong odor of alcohol. He also noticed that Appellant's speech was confused and his balance was poor.
Appellant initially complied with the officer's request to perform field sobriety tests. However, after completing the "Walk and Turn" test, Appellant refused to comply with additional tests. When Patrolman D'Egidio directed Appellant to the front of his cruiser and attempted to apply his hand-cuffs, Appellant, according to the incident report, "attempted to struggle" with him. After hand-cuffing and reading the Miranda rights to Appellant, the officer transported Appellant to the New Middletown municipal building to administer a BAC Verifier test. The test revealed that Appellant had a blood alcohol content of .186 grams per 210 liters of breath. Patrolman D'Egidio cited Appellant for driving under the influence of alcohol, in violation of New Middletown Ordinance 333.01 (A) (1), driving while intoxicated, in violation of New Middletown Ordinance333.01 (A) (3), and driving left of center in violation of New Middletown Ordinance 333.01. Furthermore, Appellant's driver's license was placed under administrative suspension pursuant to R.C. § 4511.191.
Appellant was arraigned in New Middletown Mayor's Court on January 4, 1995, where he pled not guilty and waived his right to a speedy trial. Upon Appellant's request, his case was transferred to Struthers Municipal Court on February 1, 1995 and filed there on February 2, 1995. On May 9, 1995, Appellant filed a motion to dismiss on the basis of double jeopardy. Appellant claimed that he was subjected to a civil punishment in the form of the administrative license suspension and that a subsequent criminal penalty would violate his constitutional protection against double jeopardy.
On July 5, 1995, Appellant appeared at trial and changed his plea to no contest. The trial court dismissed the charge of driving under the influence in violation of New Middletown Ordinance 333.01 (A) (1). With respect to the violation of New Middletown Ordinance 333.01 (A) (3), the trial court held its ruling in abeyance pending the Ohio Supreme Court's determination as to whether the imposition of an administrative license suspension in conjunction with subsequent criminal penalties for the same offense violated the constitutional protection from double jeopardy.
On July 30, 1996, the Ohio Supreme Court ruled that the protections against double jeopardy afforded by the United States and Ohio constitutions do not preclude the criminal prosecution and trial of individuals for violating R.C. § 4511.19 subsequent to an administrative license suspension pursuant to R.C. § 4511.191. State v. Gustafson (1996), 76 Ohio St.3d 425, paragraph one of the syllabus. Relying on this decision, the trial court in the present matter found Appellant guilty of driving while intoxicated on February 26, 1997. The trial court imposed a fine and court costs and sentenced appellant to 180 days in jail with 177 days suspended and one year of probation. Appellant was given the option of serving his remaining three days in the Driver's Education Alternative Program. The trial court further imposed a 180 day license suspension with credit for this suspension.
On March 19, 1997, Appellant filed his notice of appeal. Appellant alleges as his sole assignment of error:
 "DEFENDANT WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW, UNDER THE LAWS OF OHIO AND THE OHIO AND U.S. CONSTITUTIONS BY THE TRIAL COURT, WHEN IT UNREASONABLY AND PREJUDICIALLY DELAYED THE RENDERING OF A DECISION AS TO HIS GUILT OR INNOCENCE."
We note at the outset that Appellee, State of Ohio, has failed to file a brief in this matter. Pursuant to App. R. 18 (C) this Court is granted the authority to accept Appellant's statement of the facts and issues as correct and reverse the judgment of the trial court if Appellant's brief reasonably appears to sustain such action.
Appellant argues that the nineteen (19) month delay between his entering a no contest plea and the trial court's rendering a decision as to his guilt or innocence violated R.C. § 2938.11 (F) which provides in relevant part that "* * * [a]ny finding by the judge or magistrate shall be announced in open court not more than forty-hours after submission of the case to him." Appellant claims that such a violation caused him substantial prejudice. In deciding a matter concerning a delay in disposition of a case, we apply the abuse of discretion standard. James Weaver, Inc. v.Leyshon (March 31, 1993), Mahoning App. No. 91 C.A. 208, unreported. We will not reverse a trial court's decision absent an abuse of discretion. Id. An abuse of discretion is more than an error of law or judgment. The decision must be unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
The time frame imposed by R.C. § 2938.11 (F) is directory rather than mandatory. State v. Fiorenzo (1996), 108 Ohio App.3d 500,506. Although the forty-eight hour period described in R.C. § 2938.11 (F) is not controlling, a defendant is still entitled to a ruling within a reasonable time after his case has been submitted to the court for disposition. Id. Cases addressing the directory nature of R.C. § 2938.11 (F) have not established guidelines for determining what constitutes a reasonable delay in ruling on a pending matter. However, we can glean from these cases that what is reasonable depends greatly on the individual circumstances of each case.
In finding that a fifteen day delay between submission of a traffic case to the court and sentencing the defendant was not an unreasonable delay, one court stressed that the need to research and reflect on the matter are relevant to a courts discretion in delaying a ruling. State v. Hatcher (1982) 2 Ohio Misc.2d 8, 11. In another case, the court of appeals considered the "numerous legal issues" before the trial court and multiple charges pending against the defendant when it determined that a three month delay in ruling was reasonable. City of Xenia v. Manker (1984), 18 Ohio App.3d 9,14. Furthermore, the Eleventh District Court of Appeals held likewise when it considered the complexity of the issues involved in addition to the visiting judge's necessary attendance to matters on his own docket. State v. Fiorenzo, supra at 507.
In the present case, the delay between submission of the matter to the trial court and disposition does appear at first blush to be excessive. However, considering the circumstances, we cannot say the delay was unreasonable. The trial court was charged with determining whether the imposition of an administrative license suspension in conjunction with subsequent criminal penalties for the same offense violated the constitutional protection from double jeopardy. When Appellant pled no contest on July 5, 1995, the state of the law on the issue was in flux. This Court had held in State v. Gustafson (June 27, 1995), Mahoning App. No. 94 C.A. 232, unreported, that a court could not impose further criminal sanctions on a DUI offender whose license was suspended pursuant to R.C. § 4511.191. However, the State of Ohio appealed that decision upon a determination of conflict with the rulings of other appellate districts. See, State v. Gustafson, 76 Ohio St.3d 425, supra, 10. On July 30, 1996, the Ohio Supreme Court ruled that the protection against double jeopardy afforded by the United States and Ohio constitutions does not preclude the criminal prosecution and trial of individuals for violating R.C. § 4511.19 subsequent to an administrative license suspension. Id., paragraph one of the syllabus.
The record reflects that the trial court was cognizant of the state of the law when it held its ruling in abeyance pending the Ohio Supreme Court's ruling. Such caution is reasonable in light of the facts contained herein.
In reaching this conclusion, we note our decision in State v.Kent (Nov. 23, 1998), Mahoning App. No. 97 C.A. 102, unreported. In that matter, the appellant was charged with driving while intoxicated and moved to dismiss the charges based on double jeopardy and the authority of State v. Gustafson (June 27, 1995), Mahoning App. No. 94 C.A. 232, unreported. That motion was implicitly denied and the case continued from July 26, 1995 to April 7, 1997. The appellant later filed a motion to dismiss based on the issue of speedy trial, which was also denied. The appellant appealed his conviction on the grounds that despite his waiver of speedy trial, the twenty four months that elapsed from his arrest to his conviction was unreasonable. We affirmed the trial court decision stating that the appellant failed to take action to compel the trial of his case. We based our decision onState v. O'Brien (1987), 34 Ohio St.3d 7, where the Ohio Supreme Court held that following a written waiver of the right to a speedy trial, a defendant is not entitled to have his case dismissed when he does not file a formal written objection to the delay and demand trial of his case. Id. citing State v. O'Brien
at 9. We further stated in State v. Kent that the record reflected that the trial court was waiting for the Ohio Supreme Court's decision is State v. Gustafson, 76 Ohio St.3d 425 in order to appropriately rule on the appellant's motion to dismiss based on double jeopardy. From this we could infer that the appellant, as well as the State, was awaiting the Ohio Supreme Court's pending decision. We found that the trial court's continuation of the matter did not violate the appellant's constitutional right to a speedy trial.
In the present matter, Appellant waived his right to a speedy trial and filed a motion to dismiss on grounds of double jeopardy. The trial court, according to its journal entry, continued ruling on Appellant's guilt or innocence pending the Ohio Supreme Court's decision in State v. Gustafson,76 Ohio St.3d 425. Appellant did not object to the trial court's continuation of the matter, nor did he attempt to compel the trial court to issue a ruling in his case. From these circumstances, we can infer that Appellant himself was awaiting the decision in State v. Gustafson, 76 Ohio St.3d 425.
We also note that although Appellant has claimed that the court's delay resulted in prejudice to him, he has failed to articulate such prejudice. Appellant's strongest argument that the delay was prejudicial was that he was denied the benefit of this Court's holding in State v. Gustafson (June 27, 1995), Mahoning App. No. 94 C.A. 232, unreported. However, we have already stated that the record reflects that Appellant was awaiting, without challenge, the Ohio Supreme Court's determination of the viability of our holding in State v.Gustafson. Therefore, any alleged prejudice was as a result of Appellant's own inaction.
Inasmuch as there are no hard and fast rules to the reasonableness of delay, we conclude that under the limited circumstances of the present case and noting the state of flux of the law relevant to determining the question of Appellant's double jeopardy challenge, the trial court's delay in ruling was not unreasonable. We therefore affirm the judgment of the trial court.
Cox, P.J., Vukovich, J., concurs.
APPROVED:
 _________________________ CHERYL JUDGE