THE STATE EX REL. VAUGHN INDUSTRIES, L.L.C., APPELLANT,
v. OHIO DEPARTMENT OF COMMERCE ET AL., APPELLEES.

[Cite as *State ex rel. Vaughn Industries, L.L.C. v. Ohio Dept. of Commerce,* 109 Ohio St.3d 482, 2006-Ohio-2994.]

(No. 2005–1921—Submitted May 10, 2006—Decided June 28, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of mandamus to compel a state agency and its director to comply with the terms of a settlement agreement concerning complaints filed with the agency alleging violations of the Ohio Prevailing–Wage Law.

{¶ 2} Appellant, Vaughn Industries, L.L.C. ("Vaughn"), is an electrical and mechanical contractor that performs construction work on public improvements. According to Vaughn's complaint, in 1995, the Department of Industrial Relations, which then enforced the prevailing-wage law, investigated Vaughn to determine whether it was complying with R.C. 4115.03 through 4115.16. Vaughn filed suit, and the department counterclaimed, in a dispute over credits for payments made by Vaughn to a voluntary employees' beneficiary association ("VEBA"). In December 1997, the Wyandot County Court of Common Pleas accepted the voluntary dismissal of the parties' claims without prejudice based upon a settlement agreement between Vaughn and the Administrator of the Bureau of Employment Services, to whom the duties of enforcement of the prevailing-wage law had been transferred. According to Vaughn, the settlement agreement provided that Vaughn's contributions to the VEBA could be credited against its payment of the required wages. Vaughn claimed that it has since relied upon the settlement agreement when it bids to perform construction work on public-improvement projects.

{¶ 3} On December 23, 2004, the International Brotherhood of Electrical Workers, Local No. 8, filed six complaints with appellee the Department of Commerce, which now enforces the prevailing-wage law, alleging that Vaughn had violated the law by crediting its contributions to the VEBA. The department began an investigation of the union's complaints, requesting information from Vaughn about benefits paid out by the VEBA.

{¶ 4} In February 2005, Vaughn filed a petition in the Court of Appeals for Franklin County for a writ of mandamus to compel appellees, the department and its director, to abide by the terms of the settlement agreement specifying that Vaughn's contributions to the VEBA be credited towards its prevailing-wage obligation. In addition, Vaughn requested a writ of mandamus to order the department and its director to limit their investigation so as not to contradict the settlement agreement.

{¶ 5} Appellees moved to dismiss Vaughn's mandamus complaint for failure to state a claim upon which relief can be granted. In support of the motion, the appellees asserted that in March 2005, after 60 days had passed without any ruling by the director on the union's complaints, the union filed six complaints, which alleged that Vaughn had violated the prevailing-wage law, in the Wood County, Sandusky County, and Hancock County courts of common pleas. Appellees should have established these assertions by affidavit and then moved for summary judgment, not dismissal for failure to state a claim. But because Vaughn accepted the assertions as true and relied on them in its argument on mootness, we will accept them as true, as did the court of appeals.

{¶ 6} Appellees contended that under the controlling statute, Vaughn was not entitled to the writ because appellees had no duty to act once the union filed the complaints in court, and Vaughn had an adequate remedy at law in those common pleas court cases.

{¶ 7} On September 29, 2005, the court of appeals granted appellees' motion and dismissed the cause.

{¶ 8} In its appeal as of right, Vaughn asserts that the court of appeals erred in dismissing its mandamus claim. Dismissal under Civ.R. 12(B)(6) is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in Vaughn's favor, it appears beyond doubt that it could prove no set of facts warranting the requested extraordinary relief in mandamus. *State ex rel. Talwar v. State Med. Bd. of Ohio,* 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶ 5.

{¶ 9} In order to establish its entitlement to the requested writ of mandamus, Vaughn had to prove a clear legal right to the department's adherence to the settlement agreement by crediting Vaughn's contributions to the VEBA towards its prevailing-wage obligation and limiting the department's investigation accordingly, a clear legal duty on the part of the department to so abide by the settlement agreement, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Asti v. Ohio Dept. of Youth Servs.,* 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 17.

{¶ 10} Vaughn's claim is governed by R.C. 4115.16, which provides:

{¶ 11} "(A) An interested party may file a complaint with the director of commerce alleging a violation of sections 4115.03 to 4115.16 of the Revised Code. The director, upon receipt of a complaint, shall investigate pursuant to section 4115.13 of the Revised Code. If the director determines that no violation has occurred or that the violation was not intentional, the interested party may appeal the decision to the court of common pleas of the county where the violation is alleged to have occurred.

{¶ 12} "(B) If the director has not ruled on the merits of the complaint within sixty days after its filing, the interested party may file a complaint in the court of common pleas of the county in which the violation is alleged to have occurred. The complaint may make the contracting public authority a party to the action, but not the director. Contemporaneous with service of the complaint, the interested party shall deliver a copy of the complaint to the director. Upon receipt thereof, the director shall cease investigating or otherwise acting upon the complaint filed pursuant to division (A) of this section. The court in which the complaint is filed pursuant to this division shall hear and decide the case, and upon finding that a violation has occurred, shall make such orders as will prevent further violation and afford to injured persons the relief specified under sections 4115.03 to 4115.16 of the Revised Code. The court's finding that a violation has occurred shall have the same consequences as a like determination by the director. The court may order the director to take such action as will prevent further violation and afford to injured persons the remedies specified under sections 4115.03 to 4115.16 of the Revised Code. Upon receipt of any order of the court pursuant to this section, the director shall undertake enforcement action without further investigation or hearings."

{¶ 13} Vaughn cannot establish a legal duty on the part of the department or its director to act on the union's complaints. Because the director did not make a ruling on the merits of the union's complaints within 60 days after the complaints were filed with him, and the union then filed complaints in common pleas courts alleging prevailing-wage violations by Vaughn, the director had a duty under R.C. 4115.16(B) to "cease investigating or otherwise acting upon the complaint[s]."

{¶ 14} Moreover, Vaughn's claimed legal right to compel the department and its director to abide by the settlement agreement and limit its investigation of the union's complaints is premised upon R.C. 4115.131, which provides:

{¶ 15} "In the event of a specific contract dispute concerning a prevailing wage determination, a proper wage classification, or a novel or unusual situation pertaining to sections 4115.03 to 4115.16 of the Revised Code, the director of commerce may, upon request by a public authority or by a person having a contract with a public authority, cause to be made such investigation and hearing as the director deems necessary and render a decision embodying the director's findings and conclusions. Unless finally reversed on appeal to the courts, the decision of the director shall form the basis for decision of any complaint on the same facts filed pursuant to sections 4115.03 to 4115.16 of the Revised Code."

{¶ 16} The law at the time of the 1997 settlement was the same, except that it gave enforcement duties to the Administrator of the Bureau of Employment Services. 1995 Am.Sub.S.B. No. 162, 146 Ohio Laws, Part V, 9639–9640.

{¶ 17} As the court of appeals correctly ruled, the settlement agreement entered into in 1997 that led to the dismissal without prejudice of litigation involving Vaughn did not constitute a decision of the director (then, the Administrator of the Bureau of Employment Services) that "shall form the basis for decision of any complaint on the same facts" filed pursuant to the prevailing-wage law.

{¶ 18} Finally, R.C. 4115.16(B) provides an adequate remedy in the ordinary course of law for Vaughn to raise its settlement-agreement claim through the pending common pleas court cases. "Mandamus will not issue if there is a plain and adequate remedy in the ordinary course of law." *State ex rel. Mackey v. Blackwell,* 106 Ohio St.3d 261, 2005-Ohio-4789, 834 N.E.2d 346, ¶ 21; R.C. 2731.05. "The alternative must be complete, beneficial, and speedy in order to constitute an adequate remedy at law." *State ex rel. Ullmann v. Hayes,* 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 8. R.C. 4115.16(B) provides a complete, beneficial, and speedy remedy for Vaughn. It can raise its claim as a defense in the common pleas cases, and should any court find against it, it can raise the claim on appeal. See, e.g., *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.* (1998), 83 Ohio St.3d 179, 183, 699 N.E.2d 64 ("Insofar as appellants challenge the [administrator's] determinations that no violations of the prevailing wage law have occurred, that the violations were not intentional, or that the administrator has not ruled on the merits of the interested parties' complaints, the court of appeals correctly held that R.C. 4115.16 provides an adequate remedy in the ordinary course of law precluding extraordinary relief in mandamus").

{¶ 19} Based on the foregoing, it appears beyond doubt that Vaughn would not be able to establish any of the requirements warranting the issuance of an extraordinary writ of mandamus. Therefore, we affirm the judgment of the court of appeals dismissing Vaughn's mandamus petition.[1]

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Ross, Brittain & Schonberg Co., L.P.A., David T. Andrews, and Nick A. Nykulak, for appellant.

Jim Petro, Attorney General, Michael D. Allen, Principal Assistant Attorney General, and Megan H. Boiarsky, Assistant Attorney General, for appellees.

---

1. We deny Vaughn's request for oral argument.