THE STATE EX REL. MARTIN, APPELLANT, *v.*
MANNEN, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Martin v. Mannen,*
113 Ohio St.3d 373, 2007-Ohio-2078.]

(No. 2007–0037—Submitted April 17, 2007—Decided May 16, 2007.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a petition for a writ of mandamus to compel a common pleas court judge to vacate convictions and a sentence because, pursuant to R.C. 2938.11(F), the judge did not announce her verdict within 48 hours after submission of the case to her. Because that provision is directory and the petitioner had an adequate remedy in the ordinary course of law, we affirm.

{¶ 2} Appellant, Tramaine E. Martin, was convicted of certain criminal offenses and sentenced to serve an aggregate prison term of four years. Martin filed a petition for postconviction relief, and he subsequently sought and obtained a writ of procedendo to compel his trial court judge, appellee Cuyahoga County Court of Common Pleas Judge Ann T. Mannen, to rule on the petition. *State ex rel. Martin v. Mannen,* Cuyahoga App. No. 88101, 2006-Ohio-3832, 2006 WL 2096557.

{¶ 3} Martin filed a petition in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel Judge Mannen to vacate his convictions and sentence in the underlying criminal case because the judge did not announce her verdict within 48 hours after submission of the case to her. The court of appeals sua sponte added appellee Nancy R. McDonnell, the presiding judge of the Cuyahoga County Common Pleas Court, as a respondent when it determined that Judge Mannen had not complied with the writ of procedendo.

{¶ 4} Judge Mannen filed a motion to dismiss Martin's mandamus petition and—in accordance with the writ of procedendo—issued findings of fact and conclusions of law dismissing Martin's petition for postconviction relief. The court of appeals denied Martin's request for a writ of mandamus.

{¶ 5} In his appeal as of right, Martin asserts that the court of appeals erred in denying his request for extraordinary relief in mandamus. In order to establish his entitlement to the requested writ of mandamus, Martin had to prove a clear legal right to vacation of his convictions and sentence in the underlying criminal case, a clear legal duty on the part of Judge Mannen to vacate his convictions and sentence, and the lack of an adequate remedy in the ordinary course of law. See *State ex rel. Vaughn Industries, L.L.C. v. Ohio Dept. of Commerce,* 109 Ohio St.3d 482, 2006-Ohio-2994, 849 N.E.2d 31, ¶ 9. As explained below, Martin established none of these requirements.

{¶ 6} The time requirement in R.C. 2938.11(F), which provides that "[a]ny finding by the judge or magistrate shall be announced in open court not more than forty-eight hours after submission of the case to him," is directory, not mandatory. *State ex rel. Turrin v. Tuscarawas Cty. Court* (1966), 5 Ohio St.2d 194, 196, 34 O.O.2d 350, 214 N.E.2d 670 ("statutory provision [R.C. 2938.11(F)] is directory and was sufficiently complied with"); *State v. Deckard* (June 19, 2000), Stark App. No. 1999CA00276, 2000 WL 874388, *2 ("If the accused does not demand a decision by filing an objection or a motion, then the accused should not be permitted to appeal on the grounds of a late judgment entry"). This is consistent with the general rule that "a statute which provides a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure." *State ex rel. Jones v. Farrar* (1946), 146 Ohio St. 467, 472, 32 O.O. 542, 66 N.E.2d 531; *In re Davis* (1999), 84 Ohio St.3d 520, 522, 705 N.E.2d 1219. Still, judges should strive to comply with these directory guidelines.

{¶ 7} Moreover, Martin had an adequate remedy at law by appeal from his sentence or from the dismissal of his petition for postconviction relief to raise his claim. "Mandamus will not issue if there is a plain and adequate remedy in the ordinary course of law." *State ex rel. Mackey v. Blackwell,* 106 Ohio St.3d 261, 2005-Ohio-4789, 834 N.E.2d 346, ¶ 21; See, also, R.C. 2731.05.

{¶ 8} Based on the foregoing, we affirm the judgment of the court of appeals denying Martin's request for a writ of mandamus.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

Tramaine E. Martin, pro se.

William D. Mason, Cuyahoga County Prosecutor, and Diane Smilanick, Assistant Prosecuting Attorney, for appellees.