Harsha, J.
{¶ 1} About five months after a bench trial, the court entered a judgment convicting *32 Bradley D. Doughman of domestic violence. Doughman claims that the nearly five-month delay from the trial until the court found him guilty was unreasonable and resulted in a denial of his constitutional rights to due process of law and the administration of justice without denial or delay. As a result he contends the trial court lost jurisdiction to sentence him. He relies initially upon R.C. 2838.11(F), which states that a bench finding shall be announced in open court not more than 48 hours after submission of the case, and Sheffield v. Nieves , 52 Ohio App.2d 187, 188, 368 N.E.2d 1262 (9th Dist. 1976), in support of his claim.
{¶ 2} We reject Doughman's claim for several reasons. First, R.C. 2938.11(F) is directory, not mandatory. Second, Nieves is not binding upon our court and contains little analysis to make it persuasive. And as we have held, the test to determine both a due process and constitutional speedy-trial claim in a post-trial context is the same as the test for pretrial delay. Third, the nearly five-month delay and the lack of reasons to justify the delay do weigh in Doughman's favor. However, he did not assert his right to a timely court ruling, and although he speculates about the court's faded memory, he has not established any prejudice from the delay. Under these circumstances, he has failed to demonstrate a violation of his constitutional speedy-trial or due-process rights.
{¶ 3} Doughman also contends that he is entitled to reversal of his conviction and discharge based on Crim.R. 32(A), which requires that sentence shall be imposed without delay. But he concedes that provision and the cases he cites construing it are inapplicable here because the rule addresses a delay between a conviction and the sentence, which he does not directly contest here.
{¶ 4} Therefore, we overrule Doughman's assignment of error and affirm his conviction.
I. FACTS
{¶ 5} In July 2015, a deputy sheriff filed a complaint in the Adams County Court alleging that Bradley D. Doughman had committed domestic violence in violation of R.C. 2919.25(A) by choking and punching his wife in the nose. After Doughman's arrest he was released from jail on his own recognizance.
{¶ 6} On October 19, 2015, the court held a bench trial on the criminal charge. At the conclusion of the trial the court stated that it would "make a decision and advise the parties." One hundred and forty three days later, on March 10, 2016, the trial court issued a journal entry finding Doughman guilty of domestic violence and ordered a presentence investigation.
{¶ 7} Subsequently, the trial court sentenced Doughman to a suspended jail term, one year of community control, a fine, and court costs.
II. ASSIGNMENT OF ERROR
{¶ 8} Doughman assigns the following error for our review:
THE DELAY OF NEARLY FIVE MONTHS BETWEEN MR. DOUGHMAN'S BENCH TRIAL AND THE COURT FINDING HIM GUILTY WAS UNREASONABLE AND RESULTED IN A DENIAL OF HIS RIGHT TO DUE PROCESS OF LAW UNDER THE CONSTITUTIONS OF THE UNITED STATES AND OHIO, A DIVESTMENT OF THE COURT'S JURISDICTION, AND A VIOLATION OF THE OHIO CONSTITUTION'S ARTICLE I, SECTION 16 GUARANTEE OF THE ADMINISTRATION OF JUSTICE "WITHOUT DENIAL OR DELAY."
*33 III. LAW AND ANALYSIS
{¶ 9} In his sole assignment of error Doughman asserts that the nearly five-month delay between his bench trial and the court's finding him guilty violated his constitutional right to due process of law and the state constitutional right to the guarantee of the administration of justice "without denial or delay." As a result, he contends the trial court lost jurisdiction to sentence him. He raises a question of law, which we review de novo.
{¶ 10} Doughman primarily relies upon R.C. 2938.11(F), which provides that "[a]ny finding by the judge or magistrate shall be announced in open court not more than forty-eight hours after submission of the case to him."
{¶ 11} He also cites Sheffield v. Nieves , 52 Ohio App.2d at 188, 368 N.E.2d 1262, where the court interpreted the purpose of this provision to "provide for the prompt disposition of criminal cases where there is a bench trial" and, without citing any additional authority, held that a seven-month delay between the bench trial and the court's finding of guilty amounted to a denial of due process of law based on the concept of speedy trial:
The concept of a speedy trial encompasses within its ambit not only the prompt commencement of the trial, but likewise its prompt disposition once commenced. We hold that a defendant who has rested his case and placed his fate in the hands of the trial judge is entitled to a judgment within a reasonable time thereafter and where that judgment, when it is one of guilt, is not forthcoming until approximately seven months thereafter, he (defendant) has been denied the due process of the law.
{¶ 12} We reject Doughman's claim for several reasons. First, the Supreme Court of Ohio has held that the time requirement in R.C. 2938.11(F)"is directory, not mandatory." State ex rel. Martin v. Mannen , 113 Ohio St.3d 373, 2007-Ohio-2078, 865 N.E.2d 898, ¶ 6, citing State ex rel. Turrin v. Tuscarawas Cty. Court , 5 Ohio St.2d 194, 214 N.E.2d 670 (1966). Although "judges should strive to comply with these directory guidelines," R.C. 2938.11(F) does not provide a clear legal right to the vacation of convictions based on noncompliance with that provision. Martin at ¶ 6.
{¶ 13} Second, Nieves is not binding on our court and whatever persuasive value it retains is greatly diminished by its lack of analysis. In other words, it is a brief conclusory opinion that provides little guidance for our purposes here. For example, in State v. Ayres , 3d Dist. Seneca No. 13-77-39, 1978 WL 215748, *1 (July 28, 1978), the Third District Court of Appeals more clearly defined the analysis required to determine whether a delay is unreasonable and therefore results in a denial of due process:
However, were we willing to adopt the rationale of the Nieves case, it being based on the constitutional speedy trial concept, we still would be of the opinion that the established tests of reasonableness for speedy trial are applicable in the determination of the reasonableness of the time which has elapsed from submission of an action to the trial court until a decision thereon.
{¶ 14} In Ayres , the court held that a six-month delay between a bench trial and the trial court finding of guilt in a criminal case did not warrant vacation of the conviction based on R.C. 2938.11(F) and Nieves because the statutory provision was merely directory, and an application of the constitutional speedy-trial analysis did not warrant a finding that the delay was unreasonable.
*34 {¶ 15} Similarly, in State v. Camp , 6th Dist. Wood No. WD-78-3, 1978 WL 214724, *2 (May 5, 1078), the Sixth District Court of Appeals rejected a claim that the unexplained failure of a lower court to comply with the directory time guidelines of R.C. 2938.11(F) violated the defendant's due process rights notwithstanding Nieves , 52 Ohio App.2d 187, 368 N.E.2d 1262, because there is no legislative penalty for not complying with the statute; and the defendant had not established that the two-month delay between her bench trial and the court's finding of guilty was unreasonable or prejudicial.
{¶ 16} Like Ayres and Camp , we believe regardless of whether the issue is framed in terms of constitutional speedy trial or due process, claims of delay between the submission of the case to the trial court and the court's finding of guilt are best addressed using the analysis for determining a pretrial constitutional speedy-trial claim. See State v. Adams , 4th Dist. Adams No. 98CA656, 1998 WL 472614, *2 (July 30, 1998) ("The essence of appellant's appeal is that the delay of seven months, from the submission of the case until the issuance of a decision and judgment entry, amounts to a denial of his Sixth Amendment right to a speedy trial and due process of law"). In Adams , we concluded that the constitutional speedy-trial analysis for pretrial delay applied equally to claims based on post-trial delay, including the delay in rendering a judgment after the submission of the criminal case to the trial court:
Whether a delay in completing a prosecution amounts to a denial of the constitutional right to speedy trial depends upon the particular circumstances of the case. Many constitutional speedy trial arguments arise in the context of pretrial delay. See State v. Selvage (1997), 80 Ohio St.3d 465 at 470, 687 N.E.2d 433. Others involve a delay between the finding of guilt and the imposition of sentence. See Perez v. Sullivan (C.A.10, 1986), 739 [793] F.2d 249. More unique is the context involved here, i.e., the delay in rendering a judgment after submission of the facts. In light of the fact that reviewing courts have consistently applied the pretrial delay test announced in Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, to post trial situations, see Perez, supra , at 254, we believe it is also applicable here. Implicit in our application of Barker is the conclusion that the Sixth Amendment right to a speedy trial encompasses delays in deciding a case after its submission to the finder of fact.
{¶ 17} After applying that test, we conclude that Doughman has failed to establish a violation of his constitutional rights. The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. State v. Blackburn , 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10. The Due Process Clause of the Fourteenth Amendment makes the Sixth Amendment speedy-trial provision applicable to the states. State v. Spencer , 2017-Ohio-456, 84 N.E.3d 106, ¶ 29 (4th Dist.), citing Klopfer v. North Carolina , 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).
{¶ 18} "To determine whether a defendant has been deprived of these constitutional speedy-trial rights, a court must balance four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of a speedy-trial right, and (4) prejudice to the defendant." State v. Adams , 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 88, citing Barker v. Wingo , 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
*35 {¶ 19} "But before engaging in any balancing of these factors, we must make a threshold determination concerning the length of the delay." State v. McIntyre , 4th Dist. Ross No. 15CA3524, 2016-Ohio-5363, 2016 WL 4262967, ¶ 29. " 'Until there is some delay which is presumptively prejudicial , there is no necessity for inquiry into the other factors that go into the balance.' " (Emphasis sic.) State v. Hull , 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, ¶ 23, quoting Barker at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101.
{¶ 20} In Adams , 1998 WL 472614, at *3, we recognized that a seven-month delay between submission of a case for decision and a conviction was presumptively prejudicial, which necessitated an analysis of all the factors, because "[a]lthough the forty-eight hour directive [of R.C. 2938.11(F) ] is not mandatory, a defendant is entitled to judgment within a reasonable time after a case has been submitted to the court for disposition." See also Ayres , 1978 WL 215748, at *2 (analyzing all the speedy-trial factors in determining whether a nearly seven-month delay between the defendant's bench trial and the trial court's finding of guilty warranted his discharge). Similarly, the nearly five-month delay between Doughman's bench trial and the trial court's conviction of him far exceeded the 48-hour directory guideline of R.C. 2938.11(F), which raises a presumption of prejudice and requires a full analysis.
{¶ 21} Here, the reason for the trial court's delay in ruling on Doughman's guilt after the bench trial is not disclosed in the record. There is a January 2016 entry in which the court placed the case on "inactive status pending a decision" from the court, but that entry does not identify the court's reason for doing so. There is "nothing inherent in the charge[ ] * * * which would lead us to conclude that the decision required consideration of complex legal questions or voluminous testimony." Adams at *3. "While the delay in rendering a decision seems inordinate, we know nothing about the trial court's remaining docket and are unwilling to find the length of the delay by itself, results in a violation of appellant's speedy trial rights." Id. citing Campodonico v. United States , 222 F.2d 310 (9th Cir. 1955) (two-year delay in pronouncing judgment did not cause trial court to lose jurisdiction).
{¶ 22} Turning to Doughman's assertion of his rights, the record reveals he never filed a motion requesting that the trial court rule expeditiously in his criminal case. In fact, he did not file a motion to dismiss the case based on any claimed violation of his constitutional or statutory rights. In Adams at *3, we found that even though the appellant in that case moved to dismiss on speedy-trial grounds after four months had passed from the date of submission of his case to the trial court, that was not conclusive of his rights. Doughman did less here. Significantly, in Martin , 113 Ohio St.3d 373, 2007-Ohio-2078, 865 N.E.2d 898, the Supreme Court of Ohio quoted with approval the following language from State v. Deckard , 5th Dist. Stark No. 1999CA276, 2000 WL 874388, *2 (June 19, 2000) : " 'If the accused does not demand a decision by filing an objection or motion, then the accused should not be permitted to appeal on the grounds of a late judgment entry.' " This factor thus weighs heavily against Doughman's belated assertion of these rights on appeal.
{¶ 23} For the final factor of prejudice, there is no evidence in the record or argument on appeal that Doughman suffered any prejudice here. The three interests that the constitutional speedy-trial right is designed to protect are: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility *36 that the defense will be impaired. Spencer , 2017-Ohio-456, 84 N.E.3d 106, at ¶ 36, citing Barker , 407 U.S. at 532, 92 S.Ct. 2182, 33 L.Ed.2d 101. Doughman was not incarcerated during the challenged period of delay, and the delay did not impair his defense, because he had already provided it at trial. There is no evidence or argument concerning his anxiety and concern resulting from the delay between the bench trial and his conviction.
{¶ 24} At oral argument Doughman's counsel focused upon the potential of the trial court to suffer from a "faded memory" in deciding the case. However, there is nothing in the record to substantiate that speculation.
{¶ 25} Although the first two factors, length of delay and reason for delay, weigh in Doughman's favor, the remaining two factors, his belated assertion of his rights and his lack of prejudice, weigh heavily against him. Considering the totality of the circumstances, Doughman has failed to demonstrate a violation of his Sixth Amendment or due process rights.
{¶ 26} Doughman also cites Crim.R. 32(A), which requires that "[s]entence shall be imposed without unnecessary delay," and cases construing it, in support of his assignment of error. But as Doughman appears to implicitly concede, this rule and the cases he cites construing it "are distinguishable because they addressed a delay between a conviction or plea and the imposition of the sentence." (Emphasis sic.) See State v. Vince , 7th Dist. Mahoning No. 08 MA 2147, 2009-Ohio-4635, 2009 WL 2860955, ¶ 12. These authorities are inapplicable here-where Doughman does not contest the period between his conviction and sentence, but instead challenges the delay between his bench trial and his conviction. At best, Crim.R. 32(A) merely supports a consideration of all of the constitutional speedy-trial factors in analyzing his constitutional claims. See Adams , 1998 WL 472614, at *3.
{¶ 27} Finally, Doughman also cites Article I, Section 16 of the Ohio Constitution in his assignment of error, but he fails to provide any specific argument on that provision in his brief. Because he apparently relies on the congruent nature of the more specific due process/speedy trial argument and this provision of the Ohio Constitution, we believe our analysis also covers both claims. To the extent that he had something else in mind, it is not our duty to create an argument on behalf of the appellant. See, e.g., State v. Markins , 4th Dist. Scioto No. 10CA3387, 2013-Ohio-602, 2013 WL 658264, ¶ 45 ("We need not create an argument on the appellant's behalf"); State v. Kelly , 2016-Ohio-8582, 77 N.E.3d 388, ¶ 79 (4th Dist.), citing State v. Adkins , 4th Dist. Lawrence No. 13CA17, 2014-Ohio-3389, 2014 WL 3824030, ¶ 4, 34, and App.R. 16(A)(7) (court can summarily reject argument in assignment of error that is not supported by any legal authority).
{¶ 28} Because Doughman has not established any reversible error by the trial court, we overrule his sole assignment of error.
IV. CONCLUSION
{¶ 29} Having overruled Doughman's sole assignment of error, we affirm his conviction and sentence.
JUDGMENT AFFIRMED.
Abele, J. & Hoover, J.: Concur in Judgment and Opinion.