(Nos. C-840045 and -840046—Decided October 24, 1984.)

THE STATE OF OHIO, APPELLANT, v. RYAN, APPELLEE.

*Richard C. Castellini,* city solicitor, *Paul J. Gorman* and *Mark C. Vollman,* for appellant.
*H. Louis Sirkin,* for appellee.

KLUSMEIER, J. On May 27, 1983 defendant-appellee, Michael F. Ryan, was arrested and charged with driving a motor vehicle while under the influence of alcohol or drugs in violation of R.C.

4511.19(A)(1) and 4511.19(A)(3).[1] Appellee was transported to the Cincinnati Police Station, District Three, where he voluntarily submitted to an intoxilyzer test which indicated the presence of the concentration prohibited by R.C. 4511.19(A)(3). Appellee entered a not guilty plea to both charges and filed a written demand for a jury trial, in the Hamilton County Municipal Court.

Prior to trial, appellee moved the trial court for an order requiring the state to elect between the two driving under the influence charges. On October 5, 1983 the trial court granted appellee's motion and ordered the state to elect one of the two charges and to proceed to trial only on that charge.

The state filed a motion in which it requested the court to reconsider the prior order to elect. On December 29, 1983 the court denied the state's motion to reconsider and again ordered the prosecutor to elect.

On January 12, 1984 the case was called for trial. The prosecutor informed the court that the state intended to present evidence on both of the charges. At this point, the trial judge dismissed both charges for failure to comply with the court order to elect and for want of prosecution.[2] From this judgment, the state of Ohio has taken this timely appeal pursuant to R.C. 2945.67 asserting in a single assignment of error that the lower court erred by dismissing the charges on its own motion.

Specifically, the state contends that it has a statutory right to try these two particular offenses together, absent a showing of prejudice by appellee. For the reasons outlined in this decision, we find the state's assignment of error to be well-taken.

We are initially confronted with appellee's assertion that the state has no right to appeal the lower court's dismissal. We disagree. R.C. 2945.67(A) states:

"A prosecuting attorney * * * may appeal as a matter or [of] right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information * * *."

In a criminal case, an appeal, if proper, should be based on a judgment or final order. See R.C. 2953.02; *State, ex rel. Leis,* v. *Outcalt* (1982), 1 Ohio St. 3d 147; *State* v. *Chamberlain* (1964), 177 Ohio St. 104 [29 O.O.2d 268]. A final order is one which amounts to a disposition of the cause and which affects "a substantial right in an action which in effect determines the action and prevents a judgment." R.C. 2505.02. In the instant case, the lower court dismissed the charges *sua sponte,* or on its own motion. As a practical matter, the lower court granted its own motion to dismiss. The court's decision amounted to a final order because it disposed of the case and prevented a judgment. We believe this dismissal is tantamount to a "decision grant[ing] a motion" under R.C. 2945.67(A) and conclude therefore that the state had the right to appeal the lower court's dismissal of the charges.

---

[1] R.C. 4511.19 reads:

"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state if any of the following apply:

"(1) The person is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse;

"* * *

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;"

[2] We believe that the "for want of prosecution" language was inadvertent. The record clearly demonstrates that the state was ready to proceed on both charges. There is little doubt that the reason for the dismissal was simply the state's failure to elect.

We begin by pointing out that R.C. 4511.19(A)(1) and 4511.19(A)(3) are allied offenses of similar import under R.C. 2941.25(A). *State* v. *Scruggs* (Mar. 14, 1984), Hamilton App. No. C-830429, unreported. Under Ohio law, a defendant may be charged with two allied offenses of similar import, found guilty of both charges, but may be convicted of only one. See *Maumee* v. *Geiger* (1976), 45 Ohio St. 2d 238 [74 O.O.2d 380]; *Scruggs, supra; State* v. *Clardy* (Feb. 1, 1984), Hamilton App. No. C-830318, unreported. In such a circumstance, the prosecution is not generally required to make an election unless there is a showing of prejudice to the defendant's rights. See *State* v. *Osborne* (1976), 49 Ohio St. 2d 135 [3 O.O.3d 79]; *State* v. *Davenport* (Dec. 21, 1983), Hamilton App. No. C-830129, unreported.

An indictment or information may charge two or more different offenses, connected together in their commission, or two or more different offenses of the same class of crimes under separate counts, and the prosecutor is not required to elect between the different offenses or counts. R.C. 2941.04. The state cannot be required to elect between counts in an indictment on the ground that the charges relate to the same transaction or subject matter. *State* v. *Greeno* (1950), 89 Ohio App. 241 [45 O.O. 467]. In addition, it is clear that the Ohio Rules of Criminal Procedure permit the instant offenses to be tried together. See *Scruggs, supra;* Crim. R. 13; Crim. R. 8(A). We conclude that in the case *sub judice,* the state may present evidence on both offenses in a single trial, and cannot be forced to elect between the two charges unless the defendant affirmatively demonstrates the existence of prejudice.

Appellee contends that the offenses in the case at bar must be separated pursuant to Crim. R. 14 because joinder necessarily prejudices his chances for acquittal. Specifically, appellee, who has the burden of affirmatively demonstrating the existence of prejudice, *State* v. *Torres* (1981), 66 Ohio St. 2d 340 [20 O.O.3d 313]; *State* v. *Brewer* (July 18, 1984), Hamilton App. No. C-830672, unreported, argues an *inherent* prejudice from the coupling of an offense under a statute permitting proof of a prohibited act by generalized evidence, R.C. 4511.19(A)(1), with one permitting proof by a specific scientific standard, R.C. 4511.19(A)(3). Appellee insists that proof of the latter tends to prove the former. We disagree. This identical argument was advanced by the defendant in *Scruggs, supra,* and we found that there simply was no evidence of *inherent* prejudice. However, *Scruggs* involved a bench trial and appellee believes that since the case *sub judice* involves a jury trial we should depart from our established precedent.

We feel that the state's evidence in the instant case would not be so complex that the average juror would be unable properly to decide the factual issues involved or segregate the proof. With respect to the violation of R.C. 4511.19(A)(1), the jurors would have to determine whether the defendant was operating a motor vehicle while under the influence of alcohol or drugs. In deciding this issue, the jurors could consider among other things, the arresting officer's observation of the defendant, and the defendant's performance on the psychomotor tests. With respect to the violation of R.C. 4511.19(A)(3), the jurors would determine whether (1) defendant was operating a vehicle, (2) he had a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath as determined by an intoxilyzer, (3) the intoxilyzer machine was in proper working order, and (4) the intoxilyzer test was administered in conformity

with the standards established by the Ohio Department of Health. A properly instructed jury can segregate this uncomplicated proof and arrive at a just decision.

In theory, admitting evidence of the intoxilyzer result would not prejudice appellee in regard to the R.C. 4511.19(A)(1) violation because the presumption of legal intoxication has been eliminated from the statute. Even if the jury determines that appellee's intoxilyzer result indicates the prohibited concentration under R.C. 4511.19(A)(3), R.C. 4511.19(A)(1) does not demand that the jury necessarily find that appellee was also "under the influence" of alcohol. See, generally, *State* v. *Hardy* (1971), 28 Ohio St. 2d 89 [57 O.O.2d 284]. Conversely, to admit evidence as to appellee's state of intoxication would not be prejudicial with respect to the R.C. 4511.19(A)(3) violation because, in that case, whether appellee is "under the influence" is not relevant.

In the case *sub judice,* other than the claim of *inherent* prejudice due to the joinder of the two charges, the record is devoid of any affirmative demonstration of prejudice by appellee. We hold that the state may try charges of violating R.C. 4511.19(A)(1) and 4511.19(A)(3) together, absent a showing of prejudice by the defendant. The state shall not be forced to elect between these two charges unless the defendant affirmatively demonstrates that his right to a fair trial will be prejudiced. Finally, no *inherent* prejudice to the defendant is created by the state's election to try these two offenses together in a single jury trial. The state's assignment of error is sustained.

The assignment of error having been ruled upon, it is the decision of this court that the judgment herein appealed from be, and the same hereby is, reversed and the cause remanded for trial.[3]

*Judgment reversed and cause remanded.*

PALMER, P.J., and DOAN, J., concur.

---

[3] We note a disturbing tendency on the part of law enforcement personnel, lawyers, and trial judges to consider violations of R.C. 4511.19(A)(3) and (4) to be the familiar blood-alcohol concentration of ten-hundredths of one percent. Both in the issuance of citations or complaints and in the prosecution thereof, all should recognize the prohibited concentrations under R.C. 4511.19(A)(3) and (4) are not by statute necessarily equal to the prohibited concentration of R.C. 4511.19(A)(2).