CITY OF AURORA, Appellee,

v.

LESKY, Appellant.

[Cite as *Aurora v. Lesky* (1992), 79 Ohio App.3d 568.]

Court of Appeals of Ohio,
Portage County.

No. 91–P–2361.

Decided May 18, 1992.

*David Benjamin,* for appellee.
*Michael A. Giulitto,* for appellant.

FORD, Presiding Judge.

This is an accelerated calendar case which involves appellant, Gregory Lesky, who was charged with driving while under the influence of alcohol

and/or drugs and operating a vehicle with a prohibited level of alcohol in his breath, in violation of Aurora Ordinance 333.01(A)(1) and 333.01(A)(3), respectively.

Appellant filed a motion to dismiss the charges on the basis that the arresting officer lacked probable cause to arrest him. Appellant further moved the trial court to suppress all of the oral, written and physical evidence against him because it was obtained illegally and also because the breathalyzer test or verifier test was not performed within the standards set by the Department of Health.

At the pretrial hearing on the motion to dismiss and to suppress the evidence, the state submitted several exhibits into evidence in support of its position. Appellant objected to the admission on the basis of inadequate certification of public records, for authentication purposes, pursuant to Evid.R. 901 and 902. The trial court overruled appellant's objections to the admission of these state's exhibits. Thereafter, appellant pleaded no contest and was found guilty only on the charge of operating a vehicle with a prohibited level of alcohol on his breath.

Appellant now appeals, asserting that the trial court erred in admitting the state's exhibits at the motion hearing, because the exhibits were not properly authenticated pursuant to Evid.R. 901 and 902.

Evid.R. 902 provides that:

"Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

"* * *

"(4) *Certified copies of public records.* A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio."

■ At the hearing, the state introduced into evidence eleven exhibits, which the state professed to be copies of the originals. The majority of the exhibits concerned the breathalyzer test. Appellant objected to all of these exhibits. Attached to each document is a statement which reads as follows:

"I, ____, being first duly sworn, according to law, hereby state that I am custodian of the records of the Aurora Police Department (or Highway Patrol), and that this is a true and accurate copy of the original record which is in my custody."

The statement is signed by the custodian, acknowledged by a notary and accompanied by a seal. However, the statement fails to identify the individual copied public document it purported to authenticate. The purpose behind the certification requirement under Evid.R. 902 is to assure that the document is a true and accurate copy of the original. Such a goal is defeated when the certification fails to specifically identify the document in question because it presents the appearance that the step of actually comparing the copy with the original has been omitted. Thus, there are no indicia of reliability that the custodian actually compared the copy with the original in order to assure that it is what it purports to be. See *Dayton v. Dabney* (Apr. 7, 1989), Montgomery App.No. 11128, unreported, at 5, 1989 WL 33105.

Several problems may arise when the document in question is not specifically referenced. For instance, in *State v. Burton* (Feb. 27, 1985), Morrow App. No. CA–624, unreported, the document which the state sought to authenticate was an application for a salesperson's license. The cover letter attempting to certify the application identified an application for a 1982 Ohio dealer license. The court held that:

"Nowhere upon the face of the cover letter of the Bureau of Motor Vehicles can this court find a shred of evidence to determine that it is certifying to the authenticity of the application in question. The letter does not identify or describe the application in question in any manner. * * *" *Id.* at 5.

The mistake in *Burton, supra,* demonstrates perfectly the logic behind the necessity of identifying the document being certified: one, to ensure that the *correct* document is being copied and certified; and two, to make sure that the custodian actually performs the task of comparing the copy and original document to confirm the accuracy.

■ The holding in *Burton, supra,* appears persuasive. Thus, a document is not certified as self-authenticating under Evid.R. 902 when the certification fails to identify or describe the specific document in question, as it is impossible for a court to determine that the custodian was certifying to the authenticity of the document in question.

■ For most of the documents in the instant case, in the absence of a proper certification that the documents were true and accurate copies of the originals, there must be an alternate method of authentication by way of extrinsic evidence pursuant to Evid.R. 901. For example, the arresting officer testified as to the authenticity of his own certificate from the Department of Health, indicating that he underwent training to administer the breath test. Since this document was within the knowledge of the arresting officer, he was

qualified to testify as to its authenticity. Therefore, pursuant to Evid.R. 901(B)(1) this document was admissible by way of extrinsic evidence.

However, those documents which concerned the calibration of the BAC verifier instrument, including the calibrating officer's certificate, the test report forms showing that the instrument had been calibrated and the affidavit on the calibration solution used in the tests, could not be testified to by the arresting officer, as they were not matters within his knowledge. Such documents can be authenticated only if admitted with extrinsic evidence by way of the calibrating officer's testimony, pursuant to Evid.R. 901(B)(1). *State v. Fox* (Oct. 23, 1987), Van Wert App.No. 15–86–13, unreported, 1987 WL 19027. Alternatively, under Evid.R. 901(B)(1), once the calibrating officer did not testify, the deficiency could have been corrected only if the arresting officer was present when the copies of the various documents were made. *Kent v. Utt* (May 19, 1989), Portage App. No. 88–P–2008, unreported, 1992 WL 114321. The record fails to indicate that the arresting officer was present at the time that the documents were copied. Therefore, he was not competent to state at trial whether the documents were copies of the original documents. *Utt, supra.* The foregoing analysis applies equally to the remaining six state exhibits at issue.

Accordingly, inasmuch as the state unsuccessfully attempted an alternate method of authentication with respect to most of the documents, the assignment is well taken.

Since appellant's assignment of error does not address substantial deficiencies in the mechanics of the breathalyzer test, but items which go to evidencing the methods employed in such test, the error manifested here does not result in a mandate of exclusion. Consequently, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion. As to those documents which were improperly admitted into evidence, on remand the exhibits in question must comport with either Evid.R. 901 or Evid.R. 902 in order to be properly admissible.

Based on the foregoing, the judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

NADER and JOSEPH E. MAHONEY, JJ., concur.