[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
In her single assignment of error, defendant-appellant Celest Cooper argues that the trial court erroneously found her guilty of domestic violence, in violation of R.C. 2919.25, and assault, in violation of R.C.2903.13, arising from the same continuous conduct, as they were allied offenses of similar import under R.C. 2941.25.
At sentencing the trial court stated in its judgment entry that the domestic-violence offense "will merge" with the assault conviction. The court imposed no sentence for the domestic-violence offense. It imposed a suspended sentence of sixty days' confinement, a $100 fine, and court costs for the assault offense.
Pursuant to R.C. 2941.25(A), if the indictment contains two or more allied offenses of similar import, the defendant "may be convicted of only one." Crim.R. 32(C) states, "A judgment ofconviction shall set forth the plea, the verdict or findings, andthe sentence" (emphasis added). It is well established that a defendant can be charged and found guilty of two or more allied offenses of similar import if the sentencing judge imposes sentence on only one such offense. Maumee v. Geiger (1976),45 Ohio St.2d 238, 242-243, 344 N.E.2d 133, 136. We have, accordingly, approved this same procedure for merging allied offenses of similar import. See State v. Ryan (1984), 17 Ohio App.3d 150,152, 478 N.E.2d 257, 260; see, also, State v. Napier
(Dec. 30, 1999), Hamilton App. No. C-980999, unreported. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ GORMAN, PRESIDING JUDGE
 SUNDERMANN and WINKLER, JJ.