OPINION
This is an appeal from the Warren Municipal Court. Appellant, Shane A. Frazier, appeals his conviction and sentence for driving under the influence.
Appellant was arrested on January 24, 1999, for driving under the influence ("DUI"), in violation of R.C. 4511.19(A)(1), and for failure to operate a vehicle without reasonable control, in violation of R.C. 4511.202. At his initial appearance, on January 25, 1999, appellant entered a plea of not guilty. Appellant filed a motion to suppress on February 14, 1999. On July 29, 1999, a suppression hearing was held.
At the hearing, appellee, the state of Ohio, called Sergeant Paul Monroe ("Sgt. Monroe") of the Howland Township Police Department to the stand. He testified that on January 24, 1999, at 1:41 a.m., he was dispatched to a roadway near 1265 DeForest in Howland Township. Once he arrived at the scene at 2:07 a.m., he discovered appellant's automobile in a ditch on the side of the road. However, appellant was not in the car at the time. He spoke to the neighbors, Alberta Beuter ("Alberta") and Robert Beuter ("Robert"), and was informed that appellant said he was walking home. A bit later, appellant was driven to the scene by his father. Sgt. Monroe noted that appellant was very intoxicated, his speech was slurred, and he had a difficult time walking. He also observed that appellant staggered when he exited the vehicle and that he used the car to support himself.
Sgt. Monroe interrogated appellant. Initially, appellant claimed that his mother was driving the automobile. Later in the conversation, appellant admitted that he was the driver of the automobile. Thereafter, Sgt. Monroe administered field sobriety tests, which included the heel to toe test, the one leg stand test, and the finger to nose test. Appellant failed the tests and was subsequently arrested for DUI. Sgt. Monroe based his arrest on the field tests and the physical observations he made of appellant.
Appellant was transported to the police station where a Breathalyzer test was administered, which revealed a blood alcohol level of .205. Sgt. Monroe admitted that he was dispatched at 1:41 a.m., and that appellant was given the Breathalyzer test at 3:18 a.m. He indicated that he was not sure if appellant consumed alcohol after the crash. Appellant was also charged with operating a vehicle without reasonable control.
Appellee called Alberta and Robert to the stand to testify. They mentioned that they live across the street from the scene. Alberta recalled that on January 24, 1999, she was watching television and crocheting when she heard a loud crash. She called her husband, Robert, and they looked outside. They saw a car in a ditch on the opposite side of the road. According to Alberta, a young man, appellant, exited the driver's side of the auto and went to a neighbor's house. The neighbor was not answering her door, so Alberta told appellant he could use her telephone. After using the telephone, appellant left. Alberta and Robert stated that the police arrived about a half-hour later. Robert testified that when appellant came into his house, he noticed that appellant was drinking because he smelled alcohol on appellant's breath. Alberta and Robert related that they did not know what time appellant's auto rolled into the ditch.
At the conclusion of the testimony, the trial court overruled appellant's motion to suppress. Thereafter, appellant entered a plea of no contest and was found guilty of both DUI and failure to operate his vehicle without reasonable control. On the DUI, appellant was fined $300, sentenced to ten days in jail, and given a one-year license suspension. Appellant was also given occupational driving privileges. The sentence was stayed pending this appeal. On the failure to control, appellant was fined $10. Appellant timely filed the instant appeal and now asserts the following as error:
 "[1.] The trial court erred to the prejudice of [appellant] in overruling the motion to suppress because the arresting officer lacked probable cause to arrest.
 "[2.] The trial court erred to the prejudice of [appellant] by failing to suppress the results of the Breathalyzer."
 In his first assignment of error, appellant contends that the trial court erred in overruling his motion to suppress since the officer lacked probable cause to arrest him.
Upon review, this court "may not disturb a trial court's decision on a motion to suppress where it is supported by substantial credible evidence." State v. Brock (June 1, 1998), Clermont App. No. CA97-09-077, unreported, at 3, 1998 WL 281307. We are to defer to "the trial court's findings of fact and rely on its ability to evaluate the credibility of the witnesses." State v. Anderson (1995), 100 Ohio App.3d 688, 691. This court then independently reviews whether the trial court applied the correct legal standard. Id.
Generally, a police officer may not make a warrantless arrest for a misdemeanor unless the offense is committed in the officer's presence. R.C. 2935.03; see, also, State v. Lewis (1893), 50 Ohio St. 179, 185. However, under certain circumstances, an officer may legally arrest a suspect for operating a vehicle under the influence of alcohol although he or she did not actually witness the operation of the vehicle. Oregonv. Szakovits (1972), 32 Ohio St.2d 271, 273.
The Supreme Court of Ohio established three guidelines for evaluating DUI arrests when an officer has not observed the accused driving. First, "`each "drunken driving" case is to be decided on its own particular and peculiar facts.'" Id. at 273, quoting Mentor v. Giordano (1967),9 Ohio St.2d 140, 146; see, also, Xenia v. Manker (1984), 18 Ohio App.3d 9,12. Second, "`[c]hronology is an important element in "drunken driving" cases. A relationship must be established between the time there was evidence to show the influence of intoxicants and the time of operating [the] vehicle.'" Id. Third, "`[a]lthough a charge of operating a motor vehicle while under the influence of intoxicating liquor may apply where a stationary vehicle is involved, the evidence must show beyond a reasonable doubt that the accused was under the influence of intoxicating liquor while operating the vehicle * * *.'" Id. It has also been held that "merely appearing to be too drunk to drive is not, in our opinion, enough to constitute probable cause for arrest." (Emphasis sic.) Statev. Finch (1985), 24 Ohio App.3d 38, 40.
Further, in Mentor v. Woodside (Feb. 6, 1998), Lake App. No. 97-L-046, unreported, at 5, quoting Fairfield v. Regner (1985), 23 Ohio App.3d 79,84, we stated:
 "`(T)he weight of authority appears to be that where a police officer comes to the scene of an accident wherein there was no observable driving but a suspect is found in or near the automobile with an odor of an alcoholic beverage on or about his person, there is probable cause to arrest the suspect for driving under the influence.' * * *."
 Thus, when a police officer arrives at the scene of an accident shortly after its occurrence, discerns an odor of alcohol on a suspect, and the suspect admits to having driven the vehicle, the police officer has probable cause to arrest that individual for driving under the influence. Id.
Here, Sgt. Monroe observed the scene of an accident, in which appellant's car was in a ditch. Since Sgt. Monroe did not actually observe appellant driving, according to Oregon, probable cause to arrest must be based upon all the facts and circumstances within his knowledge to cause a prudent person to believe that appellant committed the offense. Absent this, Sgt. Monroe could not effectuate a valid arrest.
The evidence revealed that appellant expressly conceded that he had operated the vehicle. In addition, appellant smelled of alcohol, appeared very intoxicated, had slurred speech, and had a difficult time walking. Sgt. Monroe also observed that appellant staggered upon exiting his father's vehicle and that he used the car to support himself. Sgt. Monroe had appellant perform three field sobriety tests, which he failed.
The Supreme Court of Ohio has stated that "* * * in order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." State v. Homan (2000),89 Ohio St.3d 421, 424. However, the Supreme Court added that:
 "[w]hile field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where * * * the test results must be excluded for lack of strict compliance." Id. at 427.
 Hence, even if the tests Sgt. Monroe administered were not in strict compliance with standardized testing procedures, the totality of the circumstances supported a finding of probable cause. Although Sgt. Monroe did not observe appellant operating the vehicle, he had the statement of two citizens, Alberta and Robert. They testified that after they heard a loud crash, they saw a young man exit the vehicle. That man later used their telephone. Alberta and Robert identified appellant as the driver of the car.[1]
Hence, based on these facts and circumstances, Sgt. Monroe had probable cause to arrest appellant for driving under the influence of alcohol.
Moreover, in the case sub judice, even though Sgt. Monroe did not observe appellant driving in an erratic or unsafe manner and did not witness impaired motor coordination, Alberta and Robert saw appellant exit the car after the crash. Robert also testified that when appellant used his telephone, he smelled alcohol on appellant's breath. Sgt. Monroe observed that appellant appeared very intoxicated, and he was very unsteady on his feet. Thus, there was a nexus regarding the relationship of events between the time appellant allegedly operated the vehicle and when he was found in a state of intoxication. Accordingly, pursuant toOregon, we have examined the record in the instant matter and conclude that under the particular facts and circumstances of this case, Sgt. Monroe had probable cause to arrest appellant for driving while under the influence of alcohol.
Additionally, Oregon requires the evidence to show beyond a reasonable doubt that the accused operated a motor vehicle while intoxicated. Not only did appellant appear intoxicated, but he also had an odor of alcohol, he slurred his speech, he seemed unsteady on his feet, and he admitted that he had been drinking. This satisfies the Oregon "beyond a reasonable doubt" standard. Therefore, pursuant to Oregon, we have examined the particular facts of this case and conclude that Sgt. Monroe had probable cause to arrest appellant for driving under the influence. Appellant's first assigned error lacks merit.
In his second assignment of error, appellant argues that the trial court erred by failing to suppress the results of the Breathalyzer test.
It is our view that this argument is moot pursuant to State v. Ryan
(1984), 17 Ohio App.3d 150. The Ryan court recognized that evidence necessary to convict an accused of R.C. 4511.19(A)(1) was exclusive of the evidence needed to convict an accused of R.C. 4511.19(A)(3). Id. at 152; see, also, Painter and Looker, Ohio D.U.I. Law (2000) 210, Section T 15.14.
In the case at bar, appellant was only charged and convicted with violating R.C. 4511.19(A)(1). As already discussed in the first assignment of error, Sgt. Monroe had probable cause to arrest appellant. Further, there was enough other independent evidence indicating that appellant operated the vehicle while he was intoxicated. Therefore, the results of the Breathalyzer test were not necessary to sustain a conviction for R.C. 4511.19(A)(1). Accordingly, appellant's second assignment of error lacks merit.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Warren Municipal Court is affirmed.
 _____________________________________ JUDGE JOSEPH E. MAHONEY, Ret., Eleventh Appellate District, sitting by assignment.
NADER, P.J., concurs, O'NEILL, J., dissents.
[1] Sgt. Monroe could have, in part, relied on the information of Alberta and Robert to determine probable cause. Where a tip is received from a known informant and the details of the tip are easily verifiable, that tip has greater indicia of reliability. Adams v. Williams (1972),407 U.S. 143, 147. Nonetheless, each case must be evaluated under the totality of the circumstances.
According to the evidence, Alberta and Robert told Sgt. Monroe that they saw appellant exit the car after it was in the ditch. They were identified citizens who based their knowledge of the facts they described on their own observations. Alberta and Robert's direct observations provided the basis for Sgt. Monroe to further investigate. This information coupled with the additional facts Sgt. Monroe derived and observed escalated into sufficient probable cause to arrest appellant.