OPINION
In this accelerated calendar case, submitted on the record and the briefs of the parties, appellant, Ashley S. Tannert, appeals from the judgment of the Portage County Municipal Court, Ravenna Division, entered on February 16, 2000. After entering a plea of no contest, appellant was found guilty of violating R.C. 4511.19(B)(2), underage driving under the influence, and R.C. 4511.33, marked lanes. Appellant had previously filed a motion to suppress which was overruled on October 25, 1999. This appeal concerns the denial of that motion.
The parties stipulated that probable cause existed to justify the initial traffic stop of appellant. After field sobriety tests were administered, appellant was arrested and taken to an Ohio State Highway Patrol post. At the post, appellant submitted to a B.A.C. Datamaster test. The test revealed appellant's blood alcohol level was over the legal limit for an individual her age.
At the hearing on the appellant's motion to suppress, appellant sought to have various documents suppressed on the grounds that they were improperly authenticated. Specifically, appellant objected to State's Exhibits 3, 4, 5(A), 5(B), 6, 7(A), 7(B), and 8. Each of these exhibits were photocopies of documents relating to the B.A.C. Datamaster test performed on appellant. These documents constituted an essential part of the state's evidence establishing that the test was accurate, reliable, and administered in accordance with the applicable statutes.
On the back of each photocopied document, each document being a single page, was a certification of its authenticity. The certification consisted of the signature of the custodian of records of the Ohio State Highway Patrol under an oath affirming he was the custodian of records and, that the photocopy was a true and accurate copy of the original record in his custody. Each certification was properly notarized and sealed. Aside from the oath, the signatures, and the notary's seal, there were no other written markings or descriptions on the backs of these documents.
Appellant's argument to suppress the documents was based on this court's ruling in Aurora v. Lesky (1992), 79 Ohio App.3d 568. Like the present case, Lesky involved the prosecution of an individual for driving under the influence, wherein, at a suppression hearing, the state submitted eleven documents which the state professed were copies of originals. The defendant objected to their admission.
Before a document can be admitted into evidence, it must satisfy the requirements of authentication. State v. Smith (1989), 63 Ohio App.3d 71,74. In order to be admissible, documents require authentication in accordance with Evid.R. 901 or Evid.R. 902. Certain documents which have been certified are not required to be authenticated by means of extrinsic evidence. Evid.R. 902 provides that:
 "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
"* * *
 "(4) Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio."
 In Lesky, the prosecutor obtained a certification for each of the documents he wished to submit into evidence. However, the certifications were not done on the documents themselves. Rather, the certifications were done on separate pieces of paper. A certification paper was then stapled to each document. The certification papers were generic in nature. Each paper did not specifically identify the document it purported to certify.
Noting that the purpose behind certification is to assure that the document is a true and accurate copy of the original, this court held that, under those facts, the certification paper must also include a specific identification of the document it purported to certify. Lesky,supra, at 571-572.
In the present case, based on Lesky, appellant argued that the certifications of the documents the state wished to admit into evidence were insufficient because the certification on the back of each document did not describe the document certified. Appellant argued the holding ofLesky requires a certification to include a description of the document certified. The trial court found the cases factually distinguishable. The trial court ruled that since the certifications in this case were all on the back of these documents themselves, the certifications constituted sufficient evidence of authenticity. Therefore, the trial court overruled the motion to suppress. From this judgment, appellant timely filed her notice of appeal.
In her assignment of error, appellant presents the same argument made to the trial court. Specifically, appellant argues the holding of Lesky
requires, in all instances, a certification to include a description of what is being certified. Therefore, she argues, the trial court was incorrect in concluding the certifications in the present case were sufficient and in declining to suppress the evidence.
Appellant's assignment of error is without merit. Where the certification is on the document itself, and the document is but a single page, no further identification of the document is necessary. This is consistent with our holding in State v. Flauto (Dec. 23, 1994), Portage App. No. 93-P-0073, unreported.
The judgment of the trial court is affirmed.
 _____________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
NADER, J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.