OPINION
This is an appeal from the Portage County Municipal Court, Ravenna Division. Appellant, Richard G. Borowiak, appeals the trial court's denial of his motion to suppress and his subsequent conviction.
Appellant was issued a traffic citation on May 7, 1999, for driving under the influence ("DUI") of alcohol with a prohibited blood alcohol concentration ("BAC") of .189, in violation of R.C. 4511.19(A)(1) and (A)(3). At his initial appearance, on May 11, 1999, appellant entered a plea of not guilty to the charges. On July 15, 1999, appellant filed a motion to suppress evidence. In that motion, appellant moved to suppress evidence obtained from the warrantless seizure, which included the tests of his coordination, statements made by him, observations and opinions of the police officers who stopped him, arrested him and/or tested his sobriety and alcohol or drug level. Appellant specifically stated that the motion to suppress be granted because "[t]here was no lawful cause to stop [appellant], detain [appellant], and/or probable cause to arrest [appellant] without a warrant." Appellee, the state of Ohio, filed its brief in opposition on August 4, 1999. A suppression hearing took place on October 29, 1999.
The following facts were ascertained at the suppression hearing. Officer Andrew C. Suvada ("Officer Suvada") of the city of Streetsboro Police Department took the stand. He related that in the early morning hours of May 7, 1999, while he was on his way to assist another officer in Kent, Ohio, he observed a vehicle in front of him outside of Streetsboro, which was operated by appellant, traveling at a slow rate of speed. Officer Suvada explained that he "saw the car go outside of the white outside marker line on the road. [He] saw the car actually seem to jerk back and [it] jerked so hard it went left of the center double yellow line." Officer Suvada indicated that appellant was operating his car at fifteen to twenty miles an hour in a posted thirty-five m.p.h. zone. He stated that appellant "was going to make a right turn on Ravenna Road the same way [he] was going. When [appellant] made the * * * right turn he was going extremely slow." After making the turn, Officer Suvada noticed that appellant crossed left of the white marker centerline a few times, and his auto also traveled completely into the opposing lane. Thereafter, at 2:58 a.m., and beyond the Streetsboro boundaries, Officer Suvada effectuated a traffic stop based on erratic driving.[1]
While Officer Suvada was radioing dispatch as to the situation, appellant exited his vehicle and approached the police cruiser. Officer Suvada stated that appellant "almost fell to the ground [and] had to brace himself against the car to stop himself from falling." At that point, appellant told Officer Suvada that he was a lieutenant from Bedford. When appellant spoke, Officer Suvada detected an odor of alcohol emanating from appellant's person and noticed that his eyes were very bloodshot. He observed that appellant was swaying and staggering to keep his balance. Officer Suvada checked appellant's license and at 3:03 a.m., notified his dispatcher to call the state highway patrol. State Trooper Thomas R. Hermann ("Trooper Hermann") arrived on the scene at 3:16 a.m. Officer Suvada informed Trooper Hermann as to his observations of appellant. He then watched Trooper Hermann perform field sobriety tests on appellant, but did not participate in the arrest.
Trooper Hermann testified that when he arrived at the scene, he spoke with Officer Suvada, and after he was advised of the situation, he took over the arrest. When Trooper Hermann began conversing with appellant, he too noticed a strong odor of alcoholic beverage on appellant's breath and observed that appellant was unable to stand on his own. He proceeded to perform field sobriety tests on appellant, all of which appellant failed. Trooper Hermann conducted the one leg stand test, the horizontal gaze nystagmus test, and the walk and turn test. After appellant failed the tests, Trooper Hermann determined that appellant was intoxicated, issued him a citation, and placed him under arrest for violating R.C.4511.19(A)(1).
Appellant was transported to the Ravenna Post of the highway patrol where he was asked to submit to a Breathalyzer test after he was read his rights. Appellant wanted to speak with his attorney before submitting to the test, but he was unable to reach his lawyer. Trooper Hermann then told appellant that he would have to decide whether to take the test. According to Trooper Hermann, it was at that point that appellant "started to fake a heart attack or claimed that he had medical problems." Nonetheless, Trooper Hermann called an emergency squad for appellant. They did not find anything wrong with him, so they did not transport him to the hospital. Appellant again asked to call his attorney and spoke with him. After conversing with his attorney, appellant agreed to take the Breathalyzer test. Trooper Hermann observed appellant for twenty minutes prior to the test. He admitted that the test was taken six minutes beyond the two-hour limit. At 5:05 a.m., appellant took the Breathalyzer test, which revealed a BAC of .189. Appellant was issued a citation by Trooper Hermann.
In an entry dated February 28, 2000, the trial court overruled appellant's motion to suppress. Thereafter, on March 9, 2000, appellant entered a plea of no contest to the charge under R.C. 4511.19(A)(1), and was found guilty. Appellee moved to dismiss the other charge, which the trial court granted. On that same date, the trial court fined appellant $450, sentenced him to a term of ninety days in jail, and ordered him to pay costs. The trial court suspended $250 of the fine and eighty-seven days of the sentence, provided that appellant attend and complete seventy-two hours of DUI school and have no alcohol related driving offense for two years. The trial court also imposed a six-month license suspension, but granted appellant occupational driving privileges. Appellant's sentence has been stayed pending appeal. Appellant timely filed the instant appeal and now asserts the following as error:
 "[1.] The Portage County Municipal Court erred when it failed to suppress evidence obtained from a warrantless seizure of [appellant] where [appellee] failed to present evidence at the suppression hearing to establish probable cause for [appellant's] arrest.
 "[2.] The Portage County Municipal Court erred and abused its discretion when it failed to follow binding precedent in Aurora v. Lesky (1992), 79 Ohio App.3d 568, denying [appellant's] motion to suppress improperly authenticated documents related to Breathalyser [sic] testing.
 "[3.] The Portage County Municipal Court erred when it failed to suppress evidence obtained from a warrantless seizure of [appellant] effectuated outside of the detaining officer's territorial jurisdiction."
 Appellant's first and third assignments of error will be addressed in a consolidated fashion. In his first assignment of error, appellant claims that the trial court erred when it overruled his motion to suppress since appellee failed to present evidence to establish probable cause for appellant's arrest because Trooper Hermann did not actually see appellant operate his vehicle. In his third assignment of error, appellant argues that the trial court erred when it overruled his motion to suppress since the seizure of appellant was effectuated outside of Officer Suvada's territorial jurisdiction. However, neither of these specific issues was raised in his motion to suppress; nor were they argued at the hearing itself.
It is well-settled that issues not raised in the trial court may not be raised for the first time on appeal. State v. Awan (1986),22 Ohio St.3d 120, 122. We note that the general rule regarding errors raised for the first time on appeal is that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus.
The issue of law raised by appellant in this matter has been addressed in a case recently released from our district, State v. Weideman (Oct. 6, 2000), Portage App. No. 98-P-0109, unreported, 2000 WL 1487594, which appellant cites in support of his third assignment of error. However, we note that the issues set forth in Weideman are currently pending before the Supreme Court of Ohio as a result of certification.
Even though Weideman may be factually similar to the case at bar, it is distinguishable from this situation because in Weideman, the appellant raised the issue in his motion to suppress that "there was no lawful reason to make a stop and detention * * *." Id. at 2. Further, the argument was also advanced at the suppression hearing, where the appellant "continued to argue that the stop and detention was illegal because [the officer] was beyond the city limits when the offense and traffic stop took place, and that [the arresting officer's] arrest was improper because he did not observe [the] appellant driving and did not view a criminal act." Id.
Here, in appellant's motion to suppress, he argued that there was no probable cause to arrest him. However, he did not specify in his motion to suppress or at the suppression hearing that Trooper Hermann did not actually witness appellant operating his vehicle. Further, the issue of whether Officer Suvada was within his jurisdiction was also not mentioned in appellant's motion to suppress or at the suppression hearing. Therefore, we will not address the merits of that argument since appellant is deemed to have waived any error. Xenia v. Wallace (1988),37 Ohio St.3d 216, 218-219; see, also, Crim.R. 47. Appellant's first and third assignments of error lack merit.
In his second assignment of error, appellant alleges that the trial court abused its discretion when it failed to suppress improperly authenticated documents related to Breathalyzer testing.
In State v. Ryan (1984), 17 Ohio App.3d 150, 152-153, the court recognized that evidence necessary to convict an accused of R.C.4511.19(A)(1) was exclusive of the evidence needed to convict an accused of R.C. 4511.19(A)(3). See, also, State v. Frazier (Oct. 6, 2000), Trumbull App. No. 99-T-0109, unreported, 2000 WL 1488364, at 4; Painter and Looker, Ohio D.U.I. Law (2000) 210, Section T 15.14. Thus, we conclude that this argument is moot.
Here, appellant was only convicted with violating R.C. 4511.19(A)(1). Additionally, there was enough other independent evidence presented at the suppression hearing to indicate that appellant operated his vehicle while intoxicated. Officer Suvada and Trooper Hermann testified that they noticed a strong odor of alcoholic beverage on appellant's breath. Officer Suvada noticed that appellant's eyes were bloodshot, and that he was unable to keep his balance. Trooper Hermann also observed that appellant was unsteady on his feet. He performed field sobriety tests on appellant, all of which appellant failed. Based on the foregoing observations, the results of the Breathalyzer test were not necessary to sustain a conviction for R.C. 4511.19(A)(1). Accordingly, appellant's second assignment of error is without merit.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
 ______________________________________ JUDGE DONALD R. FORD
CHRISTLEY, J., NADER, J., concur.
[1] We note that the traffic stop took place in Franklin Township, which is outside of the Streetsboro city limits.