OPINION
This is an accelerated calendar case submitted on the record and the briefs of the parties. Appellant, Brandy Heiney ("Heiney"), appeals from the judgment of the Portage County Municipal Court, Ravenna Division, entered on June 27, 2000. After a bench trial, Heiney was convicted of driving with a prohibited blood-alcohol concentration, driving an unsafe vehicle, and failure to wear a seat belt. Her sentence was suspended pending appeal.
Trooper Clark of the Ohio State Highway Patrol was on duty and sitting in a stationary position when Heiney drove by in her car. Heiney's car had a "spider crack" in the center of the windshield which was about one foot from top to bottom. The trooper did not observe any erratic driving or other traffic law violations. On the basis of the cracked windshield, the trooper initiated a traffic stop. Upon speaking to Heiney, the trooper detected a strong odor of alcohol and administered field sobriety tests. Heiney was arrested. Heiney was given a breath test at the patrol post and it was determined she had a prohibited blood-alcohol level when driving.
Heiney filed a motion to suppress the evidence. A hearing was conducted on January 27, 2000. Heiney contended, among other things, that the trooper did not have lawful cause to stop her vehicle. At the hearing, the state introduced into evidence all the documentation in its possession regarding the BAC DataMaster test administered to Heiney. State's exhibits Nos. 4, 5, and 7 were photocopied documents, exhibit No. 4 was a single page, and Nos. 5 and 7 were two pages each. On the back of each page of these exhibits, the custodian of records of the Ohio State Highway Patrol certified that these were true and accurate copies of the original.
Exhibit No. 5 consisted of two documents, one being a photocopy of a certificate issued by the Ohio Department of Health ("ODH"). This was the certificate of approval of the solution used in this case to test the accuracy of the BAC DataMaster in accordance with O.A.C. 3701-53-04. The document, which was photocopied, certified that the solution met ODH standards. The photocopy was certified by the Ohio State Highway Patrol as a true and accurate copy of the original, as opposed to being certified by the ODH itself. Heiney objected to the admission of this document at the hearing, but not specifically on the ground of improper authentication, rather, on the ground that someone had written batch numbers on the front of the certificate, "which nobody can identify." The document was admitted into evidence as a record of the Ohio State Highway Patrol.
Heiney's motion to suppress was overruled. She was convicted after a bench trial. From this judgment, she timely filed her notice of appeal.
In her first assignment of error, Heiney argues that the trooper did not have reasonable suspicion, based on specific, articulable facts, to initiate a traffic stop. Therefore, she argues, the stop and all subsequent evidence should have been suppressed. In Dayton v. Erickson
(1996), 76 Ohio St.3d 3, the Supreme Court of Ohio stated that "where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor trafficviolation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." (Emphasis added.) Id. at 11-12.
R.C. 4513.02 prohibits the operation of unsafe vehicles. This statute authorizes state highway patrol troopers to stop vehicles and requires drivers to submit to inspection of their vehicles. Numerous items are subject to inspection, including glass. An inspection cannot be conducted while the vehicle is in motion. As the state points out, for purposes of initiating a traffic stop, it is only necessary that an officer have a reasonable suspicion based on specific, articulable facts that a traffic violation is occurring. Whether a conviction is ultimately obtained is irrelevant to that analysis. In this case, there was a substantial spider crack on the front windshield. That was sufficient to create a reasonable suspicion that R.C. 4513.02 was being violated. Heiney's first assignment of error is without merit.
In Heiney's second assignment of error, she raises three issues regarding the admissibility of evidence presented by the state at the suppression hearing. First, Heiney argues that each of the photocopied documents submitted by the state was inadmissible due to improper certification. We disagree. Heiney's argument is based on this court's holding in Aurora v. Lesky (1992), 79 Ohio App.3d 568. Lesky isfactually distinguishable from the present matter.
 In Lesky, the certifications for the documents in question were not on the documents themselves. Rather, the certifications were done on separate, generic pieces of paper. These certification papers were then stapled to each document. Each certification paper did not specifically identify the document it purported to certify. Under those circumstances, the certification paper must include a specific identification of the document it purports to certify. Lesky at 571-572. However, "[w]here the certification is on the document itself, and the document is but a single page, no further identification of the document is necessary." State v. Tannert (Mar. 16, 2001), Portage App. No. 2000-P-0028, unreported, 2001 Ohio App. LEXIS 1243 at *6. In this case, each photocopied page has its own certification. With respect to this issue presented for review, Heiney's argument is without merit.
In the second issue presented for review, Heiney argues that state's exhibit No. 5 was inadmissible. The exhibit was a photocopy of a certificate issued by the ODH to the Ohio State Highway Patrol. The photocopy submitted as evidence was not certified by the ODH, rather, it was certified by the Ohio State Highway Patrol as a true and accurate copy of the original. This certificate "approved" the solution used in this case by the Ohio State Highway Patrol to test the accuracy of the BAC DataMaster in accordance with O.A.C. 3701-53-04. Overlooking for the moment whether Heiney properly preserved this issue for appeal, in Statev. Starkey (Sept. 25, 1998), Portage App. No. 97-P-0098, unreported, 1998 Ohio App. LEXIS 4530, we stated:
 "[T]his court has previously held that when the custodian of records for the local law enforcement agency testifies that the Department of Health permits were received in the regular course of business and kept in his custody, the permits are `patently authentic absent a genuine challenge by [the defendant].' State v. Lewis, 1992 Ohio App. LEXIS 5022, *9 (Sept. 30, 1992), Portage App. No. 92-P-0013, unreported. In the present case, appellant did not challenge the authenticity of the permit in question. Also, the custodian of records for the Windham Police Department executed an affidavit in which he stated that the certificate was a true and accurate copy of the original which was kept in his custody. Thus, the copy of the permit presented was prima facie admissible as a copy of an original document under Evid.R. 1003; as a self-authenticating document under seal by the State of Ohio under Evid.R. 902(1) and 902(4); and as a properly authenticated document under Evid.R. 901(A)." Id. at *6-7.
 See, also, State v. Easter (1991), 75 Ohio App.3d 22, 25; State v. Flauto (Dec. 23, 1994), Portage App. No. 93-P-0073, unreported, 1994 Ohio App. LEXIS 5863; Cleveland v. Smialek (Nov. 27, 1996), Cuyahoga App. No. 70606, unreported, 1996 Ohio App. LEXIS 5334, *7-8; Cleveland Metroparks v. Ponsford (Oct. 10, 1996), Cuyahoga App. No. 68257, unreported, 1996 Ohio App. LEXIS 4508.
Consistent with this court's prior holdings, we find that the certification by the custodian of records of the Ohio State Highway Patrol that the copy presented as evidence in this case was a true and accurate copy of the original certificate of approval of the testing solution issued by the ODH was sufficient to authenticate the document and render it admissible as evidence. Heiney's second issue presented for review is without merit.
In Heiney's third issue for review, she argues that the state failed to prove that the particular bottle containing the BAC DataMaster calibration solution used in this case to calibrate the machine was continuously refrigerated in accordance with O.A.C. 3701-53-04(4) after it was initially opened. Trooper Clark testified at the suppression hearing that it was the practice of the patrol post to refrigerate the solution after the container is first opened. The law will not require police agencies to post a continuous watch on their refrigerators for the purpose of providing testimony that each bottle was continuously refrigerated. The testimony of Trooper Clark was sufficient to establish substantial compliance with the administrative regulations. Heiney's third issue for review is without merit.
Heiney's second assignment of error is without merit. The judgment of the trial court is affirmed.
JUDGE DIANE V. GRENDELL, O'NEILL, P.J., concurs in judgment only, NADER, J., concurs.