OPINION
In this accelerated calendar appeal, appellant, the state of Ohio, appeals from a final judgment of the Portage County Municipal Court, Ravenna Division, granting appellee's motion to suppress. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
On July 21, 2000, appellee, Cindy L. Mustafa, was charged with one count of driving under the influence of alcohol, in violation of R.C.4511.19(A)(1), one count of driving with a prohibited breath-alcohol content, in violation of R.C. 4511.19(A)(6), and one count of reckless operation of a motor vehicle, in violation of R.C. 4511.20.
After entering a plea of not guilty to the charges, appellee filed a motion to suppress the evidence against her. A hearing was held on appellee's motion on November 6, 2000. During the proceedings, appellee challenged the certification attached to a document verifying that Sergeant Brian Holt ("Sergeant Holt") was approved to operate the B.A.C. DataMaster machine. In doing so, appellee argued that a custodian of records could not certify a record that either was prepared by the custodian or identifies him in some manner.
The trial court agreed with appellee and granted her motion to suppress. From this judgment, appellant filed a timely notice of appeal with this court pursuant to Crim.R. 12(J).
Under its sole assignment of error, appellant argues that the trial court abused its discretion when it granted appellee's motion to suppress. Specifically, appellant maintains that there is no prohibition against a police officer who is also the custodian of records for a law enforcement agency to certify a record as a true and accurate copy when that particular record was either prepared by the custodian or otherwise identifies the officer. We agree.[1]
At a hearing on a motion to suppress, the trial court functions as the trier of fact. Thus, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. See, also,State v. Gray (July 14, 2000), Geauga App. No. 99-G-2249, unreported, 2000 Ohio App. LEXIS 3197, at 4.
On review, an appellate court must accept the trial court's findings of fact if those findings are supported by competent, credible evidence.State v. Retherford (1994), 93 Ohio App.3d 586, 592; Gray at 4-5. After accepting such factual findings as true, the reviewing court must then independently determine, as a matter of law, whether or not the applicable legal standard has been met. Retherford at 592; Gray at 5.
Before a document can be entered into evidence, it must first satisfy the requirements of authentication found in the Ohio Rules of Evidence.State v. Tannert (Mar. 16, 2001), Portage App. No. 2000-P-0028, unreported, 2001 WL 276969, at 1, citing, State v. Smith (1989),63 Ohio App.3d 71, 74. For example, Evid.R. 902 provides in relevant part:
 "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
"* * *
 "(4) Certified copies of public records[.] A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio.
"* * *"
 Pursuant to Evid.R. 902(4), certified copies of public records are self-authenticating documents. Accordingly, all that is required to authenticate such documents is that the custodian of records, or another person authorized to make the certification, certify that the documents are true and accurate copies of the originals. Aurora v. Lesky (1992), 79 Ohio App.3d 568, 571 (holding that "[t]he purpose behind the certification requirement under Evid.R. 902 is to assure that the document is a true and accurate copy of the original."). In other words, extrinsic evidence is not required to authenticate or identify properly certified public records. See Evid.R. 901.[2]
As a result, the custodian of records is not obligated to testify about the contents of the document being admitted to authenticate such document. Rather, the custodian need only certify that the document being admitted is a true and accurate copy. To fully comply with his or her obligation under Evid.R. 902(4), the custodian merely has to compare the copy with the original in order to ensure that it is what it purports to be. Thus, simply because the custodian may have first-hand knowledge of the information contained in a specific document does not mean he or she is unqualified to also certify it as a true and accurate copy.
Given the purpose underlying the self-authentication of public records, it logically follows that it makes no difference who the custodian of records is so long as he or she can testify that the certified copy is true and accurate. Moreover, once the document has satisfied the authenticity requirements under Evid.R. 902(4), a criminal defendant may then proceed to challenge the document's actual contents. Such a challenge, however, has nothing to do with the certification accompanying the records. Accordingly, we hold that a police officer who is also the custodian of records for a law enforcement agency is not precluded from certifying that a public record is a true and accurate copy even if the record was either prepared by the custodian or otherwise identifies the officer in some manner.
Finally, appellee argues that even if this court determines that the certification was proper and that the trial court abused its discretion in granting her motion to suppress, appellant is foreclosed from using the document on remand because it was never introduced into the record during the suppression hearing. We disagree.
At the beginning of the suppression hearing, the parties stipulated that the only issue for the trial court to decide was whether a copy of a document certifying that an individual was qualified to operate the B.A.C. DataMaster machine could be admitted into evidence when the custodian who certified the copy was also the person to whom the document refers. Accordingly, the only reason the document was not admitted into the record was because the trial court granted appellee's motion to suppress. While it is true that appellant could have proffered the document, the failure to do so does not mean that it cannot be used when the case is resumed in light of the parties' stipulation.
Based on the foregoing reasons, appellant's sole assignment of error has merit.
The judgment of the trial court is, therefore, reversed, and the matter is remanded for further proceedings consistent with this opinion.
JUDGE JUDITH A. CHRISTLEY, FORD, P.J., NADER, J., concur.
[1] Appellant correctly notes that appellee did not specifically challenge the certification in her motion to suppress. Crim.R. 47 requires that a motion to suppress state its underlying legal and factual basis with sufficient particularity to place the prosecution and the trial court on notice of the issues to be decided. State v. Homninsky
(1995), 107 Ohio App.3d 787, 791. However, despite appellee's failure to strictly comply with Crim.R. 47, appellant did not object to her arguing this issue at the suppression hearing. As a result, we will address the merits of appellant's appeal. State v. Robinson (June 30, 2000), Portage App. 99-P-0019, unreported, 2000 WL 895587, at 2.
[2] However, as a general proposition, authentication alone does not guarantee admissibility.